***Individual Practices of***

# MAGISTRATE JUDGE STEVEN M. GOLD

***United States District Court***
***Eastern District of New York***
***225 Cadman Plaza East***
***Chambers 1217, Courtroom 13-D***
***Brooklyn, New York 11201***
***Telephone: (718) 613-2560***
***Fax: (718) 613-2565***

Unless otherwise ordered by Magistrate Judge Gold in a specific case, matters before Magistrate Judge Gold shall be conducted in accordance with the following practices:

## 1. COMMUNICATIONS WITH CHAMBERS

### A. Letters

**Except for parties proceeding *pro se***, all communications with chambers shall be filed via ECF. Hard copies of electronic filings or correspondence between counsel are not to be mailed, faxed or hand-delivered chambers unless prior authorization is obtained from chambers.

### B. Telephone Calls and Case Related Inquiries

For case related questions including deadlines and confirmation of conference dates, counsel are to electronically access the docket sheet for this information. Counsel may call (718) 613-2610 if assistance with accessing the docket sheet is needed. Counsel are **not** to ask the party answering the line to read the docket sheet for them.

Chambers should only be contacted if on the day of the conference, the parties cannot appear due to an emergency and counsel wish to inform the Court that an electronic application is forthcoming, in which case counsel may contact Saudia Gillespie at (718) 613-2560 between 9:00 a.m. - 5:00 p.m. **Adjournment requests are not be made telephonically.**

### C. Faxes

Faxes to chambers are permitted only in extraordinary circumstances where an electronic filing of the document is not possible AND permission from chambers is previously obtained. Copies of faxes must also be simultaneously faxed to all counsel. No document longer than **5** pages may be faxed. **DO NOT FOLLOW WITH HARD COPY**.

### D. Request for Adjournments or Extension of Time

All requests for adjournments of conferences or extensions of time must be electronically filed, as motions, no later than 48 hours in advance of the conference date (or 3:00 p.m. the previous Thursday if the conference is scheduled for the following Monday or 3:00 p.m. the previous Friday if the conference is scheduled for the following Tuesday), on consent of all parties **(merely copying the adversary on the request is insufficient)**, and state the following:

1) the original date of the conference and/or deadline,
2) the number of previous requests for adjournment or extension, whether these previous requests were granted or denied
3) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent,
4) the reason for the adjournment request
5) a *suggested* adjournment date
6) if the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling order must be attached.

**COUNSEL ARE NOT TO ATTEMPT TO SEEK ADJOURNMENTS BY TELEPHONE.**

## 2. MOTIONS

### A. Pre-Motion Conferences in Civil Cases

For discovery motions, follow Local Civil Rules 37.3 and 6.4. For motions other than discovery motions, in all cases where the parties are represented by counsel and in other than habeas corpus/prisoner petitions and Social Security and Bankruptcy appeals, a pre-motion conference with the court is required before making any dispositive motion, motion for a change of venue or to amend a pleading pursuant to Rule 15 of the Fed. R. Civ. P. where leave of court is required.

### B. Courtesy Copies

Courtesy copies are NOT required unless specifically requested by the Court in a particular case.

### C. Memoranda of Law

Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

### D. Filing of Motion Papers

For all motions referred to the magistrate judge, motion papers shall be filed via ECF by each party when they are due.

**E. Oral Argument on Motions**
Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F. Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules:**

If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

## 3. PRETRIAL PROCEDURES

### A. Joint Pretrial Orders in Civil Cases

Unless otherwise ordered by the Court, within 60 days from the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval of a joint pretrial order, which shall include the following:

i. The full caption of the action.

ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

viii. A list of the names and addresses of all witnesses, including possible witnesses who will be called only for impeachment or rebuttal purposes and so designated, together with a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

ix. A designation by each party of deposition testimony to be offered in its case in

chief, with any cross-designations and objections by any other party.

x. A list by each party of exhibits to be offered in its case in chief, with one start indicating exhibits to which no party objects on any ground.

xi. Motions in limine, including but not limited to motions regarding *Daubert* or privilege contentions, must be identified and briefly summarized in the pretrial order.

**B. Filings Prior to Trial in Civil Cases**

Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

i. On the Thursday before trial in jury cases, requests to charge and proposed voir-dire questions. Requests to charge should be limited to the elements of the claims, the damages sought and defenses. General instructions will be prepared by the court.

ii. By claim, a detailed statement regarding damages and other relief sought;

iii. In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iv. In all cases, motions addressing any evidentiary or other issues which should be resolved in limine: and

v. In any case where such party believes it would be useful, a pretrial memorandum.