THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***Facsimile: (212) 356-3509***
***sscharfs@law.nyc.gov***

May 15, 2017

Honorable Steven M. Gold *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17 CV 01268 (MKB) (SMG)

Dear Magistrate Judge Gold:

I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action alleging violations of plaintiff's civil rights. I write to request an enlargement of time of sixty days from the current due date of May 17, 2017, to July 17, 2017, within which the City of New York may respond to the complaint. Plaintiff's counsel has advised me that he consents to this request.

In his complaint, plaintiff Samuel Kellner alleges that, beginning in 2011, he was subjected to malicious prosecution with the involvement of then-Kings County District Attorney Charles Hynes related to his prosecution on criminal charges of, inter alia, conspiracy, grand larceny, and perjury. According to plaintiff, all criminal charges against him were dismissed and sealed on or about March 7, 2014.

Before this office can adequately respond to the complaint in keeping with our Rule 11(b) obligations, we will need to conduct an investigation into the underlying facts. That investigation entails securing the records underlying the arrest and prosecution, if any, of the plaintiff and evaluating them vis-à-vis plaintiff's allegations before conducting discussions with any current or former employees who may have knowledge of the underlying events so as to prepare an informed and meaningful response to the complaint. Moreover, in order to investigate, we will also need time in which to identify any employees who were witnesses to the alleged incident, such as the individual defendant who has been named in the complaint. The reason that we are requesting this enlargement period is that it has been our experience that a shorter period of time, i.e., less than sixty days, is insufficient time in which to accomplish these

tasks. In addition to affording us an opportunity to satisfy our Rule 11 obligations, an enlargement of time will afford this office time in which to secure the underlying paperwork necessary so that defense counsel can engage intelligently in a discussion regarding the topics specified by Rule 26(f) and prepare meaningfully for the initial conference with the Court by considering the matters contemplated by Federal Rule 16 with the specifics of the case in mind.

Lastly, we must ascertain whether former District Attorney Charles Hynes, who has been named in this action, has been properly served, and if so, conduct the necessary representational investigation. Once service has been effected, pursuant to Section 50-k of the New York General Municipal Law, this office must then determine, based on a review of the case, whether we may represent him. In that regard, where individuals are named as defendants, this office generally undertakes a review of the relevant records prior to speaking with the employee. A review of the available records generally will reveal if there are matters that could give rise to a conflict of interest between the interests of the City and the interests of the individual employee. The individual defendant, in turn, must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain his written authorization to represent him. After this procedure has been followed, we can also discuss with the individual defendant his knowledge of the facts and circumstances of the underlying events, which will inform our strategy in responding to the complaint and in handling the defense of this matter.

As representational issues have not yet been addressed, this request for an extension of time is not made on behalf of Mr. Hynes. However, even assuming that proper service has been effected, given the time involved in addressing representational issues, and in the interest of judicial economy, we would hope that the court may sua sponte extend the time to respond on behalf of defendant Charles Hynes.

For the above reasons, defendant City respectfully requests that its time to answer or otherwise respond to the complaint be extended to July 17, 2017. Again, we hope that the Court also will sua sponte extend the time to answer on behalf of the individual defendant, Charles Hynes. Defendant notes that the Court has set the initial conference for September 6, 2017, at 10:00 a.m., and, accordingly, no delay in the progress of this matter should result if the Court were to grant this request. No previous request for an enlargement of time in which to respond to the complaint has been made by any defendant.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Susan P. Scharfstein

cc: Niall Macgiollabhui, Esq. (by ECF)