THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***Facsimile: (212) 356-3509***
***sscharfs@law.nyc.gov***

July 17, 2017

Honorable Margo K. Brodie *(by ECF)*
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17 CV 01268 (MKB) (SMG)

Dear Judge Brodie:

I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendants City of New York and Charles Hynes in the above-referenced action brought pursuant to 42 U.S.C. § 1983. I write, pursuant to 3.A. of Your Honor's Individual Practices and Rules, to request a pre-motion conference as to defendants' proposed motion to dismiss this action pursuant to Federal Rule 12(b)(6).

**A. Plaintiff's Allegations**

In his complaint, plaintiff alleges that he was arrested on April 12, 2011, and criminally prosecuted on charges of conspiracy, grand larceny, perjury, and criminal solicitation. According to plaintiff, all charges against him were dismissed and sealed on or about March 7, 2014. Plaintiff alleges herein a claim for malicious prosecution against individually-named defendant Hynes, and a claim for municipal liability pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978), against the City of New York.

By way of background, plaintiff alleges that defendant Hynes attempted and conspired with others to influence the prosecution of a serial predator and pedophile, Baruch Lebovits, a prominent member of the ultra-Orthodox Satmar Jewish community in Brooklyn, New York. Lebovits, who had molested plaintiff's son and other children, was extended favors by the district attorney's office in exchange for continued political and financial support. Towards this end, Hynes is expressly or impliedly alleged to have surreptitiously dismissed criminal charges against Lebovits, tolerated witness tampering and intimidation, conspired to overturn a conviction of Lebovits, encouraged persons to influence witnesses to change their stories, counseled the Lebovits family on witness statements to gather to be used as evidence, coordinated with Lebovits and his family to cause victims to recant, and orchestrated pay-offs of

one or more of Lebovits's victims. The prosecution of plaintiff was to punish and silence him for his role in implicating Lebovits in several crimes. Plaintiff alleges that he was subjected to criminal charges based on false accusations that he had made monetary demands in exchange for causing the dismissal of charges against Lebovits through his ability to control his son and other Lebovits victims.

The malicious prosecution claim against Hynes is based on few and sparse allegations that attribute wrongful conduct to Hynes. Plaintiff alleges that Hynes purposely excluded from the handling of plaintiff's criminal matter assistant district attorneys from the Sex Crimes Bureau, who were knowledgeable about the Lebovits matter and would have known of inquiries that would have cast doubt on whether plaintiff should be prosecuted, (id. at ¶ 33), that Hynes encouraged a convicted felon to continue in his attempts to influence a witness to implicate plaintiff in a bribery scheme, which efforts proved unsuccessful, (id. at ¶¶ 35-39), and that Hynes "denounced" plaintiff and his son in the press. (Id. at ¶ 44).

As for defendant City, the purported policy claim arises out of plaintiff's allegations, in paragraph 59 of the Complaint, as to the existence of "policies, customs or practices in the management and administration of the Brooklyn District Attorney's office under Hynes, including with respect to the investigative activity pursued and procedures followed in the case of plaintiff, in its deliberate indifference to witness tampering and intimidation, and in the opportunity it afforded to a convicted pedophile to undermine his conviction, respectively. In this regard, Hynes possessed final policy-making authority."

**B. This Action Should Be Dismissed in Its Entirety at This Stage**

To survive a motion to dismiss for failure to state a claim, a plaintiff must satisfy the "facial plausibility" pleading standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), by pleading facts that give rise to a plausible inference that the defendant may be liable. A pleading must be supported by allegations that are not merely conclusory, but put forth underlying facts so as to make a claim plausible on its face. See Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1974 (2007). That standard is not satisfied here.

To pursue a malicious prosecution claim, plaintiff must demonstrate, among other things, that the defendant initiated or continued a criminal proceeding. See, e.g., Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). A plaintiff also must allege the personal involvement of the defendant in the alleged constitutional deprivation. See, e.g., Black v. Coughlin, 76 F.2d 72, 74 (2d Cir. 1996). Conspicuously absent here are facts to show that Hynes was directly or personally involved in initiating a wrongful prosecution against plaintiff.[1] Moreover, and equally important, plaintiff cannot pursue a claim for malicious prosecution against defendant Hynes, because, in

[1] Significantly, plaintiff appears to take the view throughout the Complaint that the district attorney's office actions with regard to the Lebovits prosecution somehow constituted a violation of plaintiff's rights. A prosecutor's decision as to whether to bring charges and, what charges to bring, however, rests in the prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Plaintiff has no entitlement to have another person criminally prosecuted. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

his capacity as the district attorney, Hynes is entitled to absolute immunity from suit. The district courts are encouraged to determine the availability of an absolute immunity defense at the earliest possible stage, and preferably before discovery commences, because this defense defeats a suit at the outset. Deronette v. City of New York, 05 CV 5275 (SJ), 2007 U.S. Dist. LEXIS 21766, at *12 (E.D.N.Y. Mar. 27, 2007) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)) (quotation omitted).

A state prosecutor who acts within the scope of his responsibilities vis-a-vis a criminal prosecution is immune for a civil suit for damages under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976); Shmueli v. City of New York, 424 F.3d 231, 236 (2005). The courts apply a "functional approach" in assessing whether the defendant was acting in a prosecutorial role. Hill v. City of New York, 45 F.3d 653, 663 (2d Cir. 1995). This Circuit has held that prosecutors are entitled to absolute immunity for conduct that is "intimately associated with the judicial phase of the criminal process." Anilao v. Spota, 774 F. Supp. 2d 457, 476 (E.D.N.Y. 2011) (citations omitted). A prosecutor is entitled to the benefit of this defense when he acts in his role as an advocate, such as when he presents evidence to attempt to secure an indictment. See, e.g., Anilao, 774 F. Supp. 2d at 475. Where a court determines that a prosecutor was acting as an advocate, a defendant's motivation in performing such advocacy functions as deciding to prosecute is irrelevant to whether absolute immunity applies. Shmueli, 424 F.3d at 237. Based on plaintiff's allegations, it is clear that absolute immunity would apply here.

Plaintiff's claim for municipal liability against defendant City is equally unavailing. As a threshold matter, the purported Monell claim fails to articulate a coherent theory of municipal liability based on a violation of one or more of plaintiff's federally-protected rights. It is conclusory, as it is not supported by sufficient factual content to render it plausible on its face. Further, the City cannot be liable for the decisions of a district attorney's office regarding the handling of a prosecution. See, e.g., Bellamy v. City of New York, 12 CV 1025 (AMD) (PK), 2017 U.S. Dist. LEXIS 75306, at *105 (E.D.N.Y. May 17, 2017) (citing Pinaud v. County of Suffolk, 52 F.3d 1139, 1153 n.14 (2d Cir. 1995); Van de Kamp v. Goldstein, 555 U.S. 335, 345-48 (2009)). Rather, when prosecuting a criminal matter, the district attorney acts for the state and not for the municipality. Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988); see also Miller v. County of Nassau, 467 F. Supp. 2d 308, 316 (E.D.N.Y. 2006) (plea bargaining is intertwined with prosecutorial decisions concerning criminal matter and trial and the County therefore cannot be held liable for such decisions); Eisenberg v. District Attorney of County of King, 93 CV 1647 (ILG), 1996 U.S. Dist. LEXIS 22469, at *19 (E.D.N.Y. July 17, 1996) (City cannot be held liable under §1983, for decision by district attorney to prosecute plaintiff). A district attorney acts as municipal policymaker only when he or she acts in an administrative or managerial role. See, e.g., Van de Kamp, 555 U.S. at 345-348 (acts taken related to a prosecutor's basic trial advocacy role are treated as prosecutorial decisions); cf. Jones v. City of New York, 988 F. Supp. 2d 305, 314 (E.D.N.Y. 2013) (district attorney acts as municipal policymaker when he or she acts as the manager of the office, such as with regard to decisions relating to building management, maintenance, or discrimination against employees). The district attorney's alleged wrongdoing here, which relates solely and directly to his prosecutorial role, does not give rise to a policy claim against the City of New York as a matter of law.

Lastly, defendants wish to advise Court that they anticipate moving for a stay of discovery pending resolution of the motion to dismiss. As defendants anticipate that the motion

will be fully dispositive of this action, it appears that discovery will not be a useful expenditure of the time and resources of the parties.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Susan P. Scharfstein

cc: Honorable Steven M. Gold *(by ECF)*
Niall Macgiollabhui, Esq. *(by ECF)*