THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***Facsimile: (212) 356-3509***
***sscharfs@law.nyc.gov***

August 28, 2017

Honorable Steven M. Gold *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17 CV 01268 (MKB) (SMG)

Dear Magistrate Judge Gold:

I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendants City of New York and Charles Hynes in the above-referenced action brought pursuant to 42 U.S.C. § 1983. I write to request a stay of discovery pending the resolution of defendants' proposed motion to dismiss pursuant to Federal Rule 12(b)(6), as set forth below. Defendants also request an adjournment sine die of the initial conference now set for September 6, 2017, at 10:00 a.m. Plaintiff's counsel has advised me that he consents to these requests.

**A. Procedural Background**

Plaintiff filed this action on March 6, 2017, alleging claims for malicious prosecution against former Kings County District Attorney Charles Hynes, in his individual capacity, and a claim for municipal liability pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978), against the City. In his complaint, plaintiff alleges that he was arrested on April 12, 2011, and criminally prosecuted on charges of conspiracy, grand larceny, perjury, and criminal solicitation. According to plaintiff, all charges against him were dismissed and sealed on or about March 7, 2014.

Thereafter, on July 17, 2017, defendants submitted a letter requesting a pre-motion conference. The proposed motion will argue, in essence, that, based on the factual allegations of the complaint, plaintiff's claims – for malicious prosecution and municipal liability – are legally defective. Specifically, based on plaintiff's allegations, his claim for malicious prosecution against defendant Hynes is barred by the doctrine of absolute prosecutorial immunity. With regard to the derivative claim against the City for Monell liability, the

underlying alleged conduct was prosecutorial in nature and therefore within the ambit, if anything, of the district attorney's role as policymaker for the state and not for the City. As noted in their July 17, 2017 letter to Judge Brodie, defendants had anticipated moving for a stay and seeking an adjournment of the initial conference. A pre-motion conference has been set to take place this Thursday, August 31, 2017.

Defendants had initially planned to await developments at the pre-motion conference before making this application. It appears prudent, however, to do so at this time in light of the upcoming Labor Day holiday and the present schedule. The initial scheduling conference has been set for September, 6, 2017, only two business days after the pre-motion conference to take place before Judge Brodie.[1] Defendants believe that the initial scheduling and discovery-planning conference will be an unnecessary expenditure of the time and resources of the Court and the parties, consistent with their position that that this matter will likely be resolved on an early dispositive motion. To date, counsel have conferred several times as to how they wish to proceed in resolving this matter. Plaintiff has provided a New York Criminal Procedure Law § 160.50 release, so that defendants may obtain the documents underlying plaintiff's criminal prosecution. In the interests of moving forward expeditiously in the future should it prove necessary, or should the Court deny this application for a stay, defendants have submitted the release with a request that the entities holding the records gather and produce the relevant records to this office.

**B. A Stay of Discovery Is Appropriate in These Circumstances**

The Court should grant a stay of discovery and adjourn the initial conference sine die until after the resolution of defendants' dispositive motion. Counsel for both sides has agreed that this is their preferred approach in the interests of conserving resources.

The Federal Rules of Civil Procedure give the Court authority to stay discovery pending the resolution of a potentially dispositive motion. See Fed. R. Civ. P. 26(c); see also Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions). In determining whether to issue a stay, a district court considers the nature and complexity of the particular case, as well as the following factors: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. E.g., Bethpage Water Dist. v. Northrop Grumman Corp., 13 Civ. 6362 (SJF) (WDW), 2014 U.S. Dist. LEXIS 168468, at *4 (E.D.N.Y. Dec. 3, 2014); Anti-Monopoly, Inc. v. Hasbro, Inc., 94 Civ. 2120 (LMM) (AJP), 1996 U.S. Dist. LEXIS 2684, *6-13 (S.D.N.Y. Mar. 6, 1996).

---

[1] If defendants were to await the pre-motion conference, it would be difficult to comply with Your Honor's Individual Rules of Practice with regard to the timing of a request for an adjournment of a conference.

Here, defendants' motion to dismiss has substantial grounds and, if granted, would be fully dispositive of this action as to both defendants. As set forth in defendants' pre-motion conference letter, defendants believe that plaintiff's claims are legally deficient for threshold reasons and that there is therefore every reason to anticipate that the Court will dismiss this action in its entirety. Moreover, a stay would benefit both sides by avoiding the burden and expense that may well prove unnecessary.

Plaintiff's counsel has agreed that holding discovery in abeyance is the more prudent course to avoid potentially unnecessary expenditure of resources. There would therefore be no prejudice to plaintiff. Any marginal effect of the stay would fall equally on both plaintiff and defendants. See Bethpage Water District, 2014 U.S. Dist. LEXIS 168468, at *9 (risks are the "usual litigation risks that affect the parties equally, regardless of the amount of time permitted for discovery"). By contrast, requiring the parties to engage in discovery related to claims that may well not withstand motion practice would be burdensome to both sides and would likely prejudice defendants. Given the nature of the underlying criminal proceedings in this case, and the expansive allegations set forth in the complaint, which is alleged to implicate the prosecution of a non-party individual with regard to child sexual assault victims, document discovery alone is likely to be extraordinarily complex as well as extensive. Presumably, if discovery takes its course, it would appear, from plaintiff's narrative of the events set forth in the complaint, that many depositions of non-parties will be needed. It is also likely that discovery will require the Court's ongoing involvement, given the need to obtain extensive information by subpoena from non-parties who may be uncooperative. See Integrated Sys. & Power v. Honeywell Int'l, 09 Civ. 5874, 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery") (quoting In re Term Commodities Cotton Futures Litig., 12 Civ. 5126, 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013)). Defendants respectfully submit that a stay of discovery is warranted given the burden and the breadth of discovery that will be necessary should this matter survive the motion.

In defendants' view, discovery should await decision by the Court that a legally-cognizable claim has been asserted. As a general proposition, a litigant must state a claim before he or she is entitled to discovery. Bridgewater v. Taylor, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010); see also Zurich American Ins. v. Dah Sing Bank, Ltd., 03 Civ. 7778 (DLC), 2004 U.S. Dist. LEXIS 10786, at *27 (S.D.N.Y. June 15, 2004) ("Having shown no ability to state a claim against Union Bank, Zurich is not entitled to discovery."); Baird v. Kingsboro Psychiatric Ctr., 11 Civ. 159 (NGG) (LB), 2013 U.S. Dist. LEXIS 153847, at *14 (E.D.N.Y. Oct. 24, 2013) ("The court notes that a party is not entitled to discovery as of right; a plaintiff must first state a claim upon which relief may be granted."). Here, defendants respectfully submit that motion practice should proceed before the parties commence discovery.

We thank the Court for its consideration of this application.

Respectfully submitted,

/s/

Susan P. Scharfstein

cc: Honorable Steven M. Gold *(by ECF)*
Niall Macgiollabhui, Esq. *(by ECF)*