17 CV 01268 (MKB) (SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAMUEL KELLNER,

Plaintiff,

-against-

THE CITY OF NEW YORK, and CHARLES J. HYNES, in his individual capacity,

Defendants.

**DEFENDANTS CITY OF NEW YORK AND CHARLES HYNES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Charles Hynes*
*100 Church Street*
*New York, NY 10007*

*Of Counsel: Susan P. Scharfstein*
*Tel: (212) 356-2355*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

SAMUEL KELLNER,

Plaintiff,

-against-

17 CV 01268 (MKB) (SJB)

THE CITY OF NEW YORK, and CHARLES J. HYNES, in his individual capacity,

Defendants.
---------------------------------------------------------------------- x

**DEFENDANTS CITY OF NEW YORK AND CHARLES HYNES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

Defendants City of New York and Charles Hynes submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint ("AC") in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As set forth below, plaintiff's memorandum of law in opposition to defendants' motion underscores that there is no legal basis on which he may proceed with this case. Based on the threshold legal defenses which irretrievably bar liability on the part of either of the defendants, this entire matter should be dismissed with prejudice at this time.

## PRELIMINARY STATEMENT

Plaintiff argues, in essence, that he has alleged facts sufficient to show that Hynes took part in a conspiracy to maliciously prosecute plaintiff, and that Hynes is not entitled to prosecutorial immunity from suit because he acted in an investigatory role. Plaintiff further argues that the City has liability pursuant to Monell v. Department of Social Servs., 436 U.S. 658

(1978), because Hynes acted as a policymaker for the City in an "investigative" phase of the criminal case against plaintiff. These contentions are readily dispelled.

As an initial matter, the "facts" alleged by plaintiff are conclusory and sparse. They are insufficient to sustain his claims past this motion to dismiss. With regard to his claim that Hynes conspired to maliciously prosecute him, plaintiff argues only that he has alleged that evidence was fabricated during the "investigative" phase of the criminal process; that a meeting took place on April 14, 2010 at the Brooklyn District Attorney's office, as a result of which Hynes entered into an agreement with the family of Baruch Lebovits and others to undermine Lebovits' conviction by manufacturing a case that plaintiff had solicited false witness testimony to extort the Lebovits family; that Hynes dismissed criminal cases against Lebovits involving plaintiff's son and another victim; that Hynes "counseled" the Lebovits family on what "evidence" to obtain for the criminal case against plaintiff; and that Hynes held a news conference denouncing plaintiff and his son, an alleged victim of Lebovits' sexual abuse. Without more, plaintiff has failed to satisfy the "facial plausibility" standard so as to state a viable claim for relief, as required by Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and its progeny in this Circuit. Nor has he alleged facts to satisfy the heightened pleading standard necessary to sustain either a conspiracy claim or a policy claim against the City, by alleging sufficient detail to carry his burden at this stage.

Moreover, plaintiff's purported conspiracy claim, if at all, is derivative of his claim for malicious prosecution. Where, as here, the conspiracy claim is derivative of a claim for malicious prosecution that is precluded by absolute immunity, this immunity bars the derivative conspiracy claim as well. Nor can plaintiff pursue a derivative claim for conspiracy without facts that are sufficient to satisfy the elements of a malicious prosecution claim. To

surmount these legal obstacles to recovery on either a malicious prosecution or a conspiracy claim, plaintiff would have had to identify facts sufficient to rebut the presumption of probable cause created by the grand jury indictment and to show that Hynes acted, if at all, in an investigative rather than in a prosecutorial role. He has failed on all of these counts.

As for his claim for municipal liability against the City, plaintiff has utterly failed to offer any legal basis on which it could be said that Hynes acted as a policymaker for the City. The alleged wrongful conduct could have taken place only in Hynes' role as prosecutor, in which capacity he acted for the State and not the City of New York.

Accordingly, each of plaintiff's claims – and this entire case – can be resolved as a matter of law and should be dismissed with prejudice at this time.

## POINT I

## PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION, IF ANY, IS UNAVAILING

Via his memorandum in opposition to defendants' motion to dismiss, plaintiff confirms that he has no basis to proceed on a claim for malicious prosecution against Hynes for a variety of independent reasons.

As an initial matter, plaintiff appears to state that he does not intend to pursue a malicious prosecution claim, as "the sole claim remains one of a § 1983 conspiracy." (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion To Dismiss dated June 11, 2018 ("Mem. Opp."), at 1 n.1). On this basis alone, it appears that this claim falls away.[1]

Even assuming that plaintiff intended to pursue a malicious prosecution claim, any such claim against Hynes is irretrievably barred as a result of the doctrine of absolute

[1] In Point B of his argument, plaintiff argues that he has stated a § 1983 conspiracy claim. It is unclear how he would reconcile that argument with the contents of footnote 1 of his memorandum of law.

prosecutorial immunity. Based on the facts as alleged by plaintiff, there can be no doubt that Hynes is sued only in his role as prosecutor and not in an investigatory role. For one thing, any liability on the part of Hynes could arise only in his role as prosecutor, as plaintiff has alleged only malicious prosecution and not false arrest. See Galliotti v. Green, 07 CV 6601, 2011 U.S. Dist. LEXIS 78118, at *13 (W.D.N.Y. July 19, 2011) (absolute immunity applies notwithstanding allegation that ADA acted in investigatory role, where no false arrest claim alleged as to DA defendants and no explanation offered as to how DA defendants were liable for false arrest).[2]

Contrary to his contentions (Mem. Opp. at 14), the facts alleged by plaintiff fall far short of rebutting the presumption of probable cause that arose from plaintiff's indictment by a grand jury. According to plaintiff, the indictment was based on the testimony of several witnesses. (Mem. Opp. at 7, 14). Plaintiff posits that the indictment was procured by means of perjured testimony of each of those witnesses, which is "attributable to Hynes as a member of the conspiracy to maliciously prosecute plaintiff." (Mem. Opp. at 14). Even assuming that plaintiff had alleged facts to support that Hynes was somehow personally involved in the presentation to the grand jury – which he has not – plaintiff would be unable to circumvent the effect of absolute prosecutorial immunity, as presenting a case to a grand jury falls squarely

[2] Here, it appears, based on plaintiff's allegations, that he was indicted by a grand jury before his arrest took place on April 12, 2011. (See AC at ¶¶ 40-44; Mem. Opp. at 7). An arrest predicated on a grand jury indictment is not amenable to a false arrest claim, as a plaintiff is required to proceed instead on a theory of malicious prosecution once legal process has issued. E.g., Coakley v. Jaffee, 72 F. Supp. 2d 362, 364 (S.D.N.Y. 1999); see also Stukes v. City of New York, 13 CV 6166 (NGG) (VVP), 2015 U.S. Dist. LEXIS 33223, at * 33-34 (E.D.N.Y. Mar. 17, 2015) (citing cases and discussing that an arrest warrant typically issues following an indictment). Although plaintiff does not specify that his post-indictment arrest took place pursuant to a warrant, he does not allege otherwise, and that the arrest occurred pursuant to legal process is an inference raised by the events alleged in the complaint. See Stukes, 2015 U.S. Dist. LEXIS 33223, at * 33-34 & n. 1. Therefore, even were it not time barred, no false arrest claim by plaintiff would lie here.

within the prosecutorial role. See, e.g., Burns v. Reed, 500 U.S. 485, 490-91 (1991) (absolute immunity applies to knowingly using false testimony before a grand jury).

Indeed, based on the "functional approach" that is used by the courts to assess whether the defendant was acting in a prosecutorial role, prosecutors are entitled to absolute immunity for preparatory steps that a prosecutor takes to prepare to initiate proceedings, such as evaluating evidence and interviewing witnesses. Smith v. Garretto, 147 F.3d 91, 94 (2d Cir. 1998) (citing Buckley v. Fitzsimmons, 509 U.S. 29, 273 (1993)). All of the alleged wrongful activities on Hynes' part fall squarely within the scope of the prosecutorial role of initiating and presenting a case. See Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004). Even assuming that that were not the case, in light of the indictment based on the witnesses' grand jury testimony, as set forth in the AC, there was, at a minimum, arguable probable cause to prosecute plaintiff. Viewed in this light, Hynes would be entitled, in the alternative, to qualified immunity from suit. See, e.g., Zahrey v. Coffey, 221 F.3d 342, 346-47 (2d Cir. 2000) (claim for fabrication of evidence). In these circumstances, it is clear that plaintiff cannot surmount these multiple legal obstacles to a claim for malicious prosecution against Hynes.

## POINT II

## THE CONSPIRACY ALLEGATIONS CANNOT SURVIVE IN THEIR OWN RIGHT OR SALVAGE THE MALICIOUS PROSECUTION CLAIM

As plaintiff's claim for malicious prosecution fails, so, too, do his conspiracy allegations fall by the wayside. Not only is the conspiracy claim inadequately pled, but plaintiff has offered no rationale as to why prosecutorial immunity would not preclude this claim.

Absolute prosecutorial immunity bars conspiracy claims that are derivative of alleged wrongful conduct that is undertaken in a prosecutorial role. Hookey v. Pelzer, 08 CV

1733, 2011 U.S. Dist. LEXIS 18220, at *21-22 (W.D. Pa. Feb. 1, 2011) (citing Imbler v. Pachtman, 424 U.S. 409, 410, 430-31 (1976)) (other citations omitted). Plaintiff cannot circumvent the effect of this immunity by attempting to recast the underlying conduct to allege an "out-of-court conspiracy" to violate his civil rights. See Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995). The court in Buckley expressly recognized that the notion that prosecutorial immunity is confined to conduct that takes place in the courtroom was "plainly foreclosed" by Imbler. 509 U.S. at 272-73.

Stated differently, an alleged conspiracy is shielded by absolute immunity where the underlying conduct is prosecutorial in nature, because "the immunity attaches to [the prosecutor's] function, not to the manner in which he performed it." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (quoting Barrett v. United States, 798 F.2d 565, 573 (2d Cir. 1986)). Absolute immunity applies to virtually all acts, regardless of motivation, that are associated with the prosecutor's function as an advocate. Dory, 25 F.3d at 83. A plaintiff thus derives no benefit from alleging a conspiracy when the underlying activity at issue is within the scope of this immunity. See, e.g., Pinaud, 52 F.3d at 1148; Hill v. City of New York, 45 F.3d 653, 659 n.2 (2d Cir. 1995); Cignetti v. Healy, 89 F. Supp. 2d 106, 117 (D. Mass. 2000).

Courts frequently have held that a derivative conspiracy claim is barred by absolute prosecutorial immunity where the underlying claim is foreclosed. See, e.g., Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006) (rejecting argument that district court improperly dismissed claim that prosecutor and public defender conspired to violate prisoner's rights where the underlying alleged activities involved the initiation and pursuit of a prosecution and were foreclosed by prosecutorial immunity); Hill, 45 F.3d at 661 (ADA's alleged act of conspiring to present falsified evidence to, and to withhold exculpatory information from, a grand jury was

clearly protected by doctrine of absolute immunity, as all are part of his function as an advocate); Dory, 25 F.3d at 83-84 (2d Cir. 1994) (prosecutors are absolutely immune from claims alleging conspiracy to present false testimony); Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) ("Since absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity."). Based on these principles, the formulation of the claim in terms of a "conspiracy" does nothing to salvage plaintiff's case.

Independently of that, plaintiff has failed to allege specific facts to satisfy the heightened pleading standard applicable to conspiracy claims. He has offered no specific facts to support that an agreement was formed to inflict an injury in violation of a federally-protected right, and an overt action taken in furtherance of any such agreement. As the heightened pleading standard that is applicable to a conspiracy claim is not met here, the conspiracy allegations must be dismissed. See, e.g., Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002).

As this claim is inadequately pled and also is barred by absolute prosecutorial immunity, it, too, necessarily fails.

## POINT III

## PLAINTIFF HAS COME FORWARD WITH NO FACTS TO SUSTAIN A MONELL CLAIM AGAINST THE CITY

Plaintiff premises his policy claim on the theory that Hynes acted as a policymaker for the City, because he acted in an investigatory capacity with regard to purportedly false allegations against plaintiff underlying his malicious prosecution claim. (Mem. Opp. at 18). Based on the facts proffered by plaintiff, however, this could not be

further from the truth. Moreover, it is settled that a district attorney acts as municipal policymaker only when he acts in an administrative or managerial role. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 345-48 (2009) (acts taken related to a prosecutor's basic trial advocacy role are treated as prosecutorial decisions). As if that were not enough, plaintiff does not so much as address the City's other arguments that the purported Monell claim fails to articulate a coherent theory of municipal liability; that the pleading is unadorned with facts to satisfy the Iqbal standard of facial plausibility; that he has failed to articulate a policy or practice that was the cause of an underlying violation of one of more of his federally-protected rights; and that this derivative policy claim is flawed also for plaintiff's failure to state a claim for an underlying constitutional violation, because a grand jury indictment established probable cause for plaintiff's prosecution and his malicious prosecution claim is therefore fatally flawed.

**CONCLUSION**

As set forth above and in defendants' moving papers, defendants' motion to dismiss should be granted in all respects and this action should be dismissed in its entirety with prejudice at this time.

Dated: New York, New York
July 2, 2018

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Charles Hynes*
100 Church Street
New York, NY 10007
(212) 356-2355
sscharfs@law.nyc.gov

By: /s/
SUSAN P. SCHARFSTEIN