UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
SAMUEL KELLNER,

Plaintiff,

-against-

THE CITY OF NEW YORK and
CHARLES J. HYNES, in his individual capacity,

Defendants.
--------------------------------------------------------------------------X

Case No.
1:17-cv-1268-MKB-SJB

**DECLARATION OF**
**<u>NIALL MACGIOLLABHUÍ</u>**

NIALL MACGIOLLABHUÍ, ESQ., an attorney duly admitted to practice before the Courts of the State of New York and before this Court, pursuant to the provisions of 28 U.S.C. § 1746, declares as follows:

1. I am the attorney of record for Plaintiff, and, as such, am fully familiar with the facts and circumstances of this matter.

2. I submit this declaration in support of Plaintiff's motion for an Order pursuant to Fed. R. Civ. P. 25(a)(1) substituting Patricia L. Hynes, the Administrator of the Estate of Charles J. Hynes, as a defendant in this action in lieu of the deceased defendant Charles J. Hynes.

3. Pursuant to Section 3.E of this Court's Individual Practices and Rules, I have not delayed the filing of this motion because today, November 30, 2020, is the deadline by which it must be made. I also do not expect any opposition thereto from Defendants or from Ms. Hynes.

## PROCEDURAL BACKGROUND

4. On March 3, 2017, Plaintiff commenced this action by filing a Complaint. *See* Dkt. 1.

5. On October 2, 2017, Plaintiff filed an Amended Complaint. *See* Dkt. 14.

6. By Notice of Motion dated May 8, 2018, Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 19.

7. On March 4, 2019, Defendants served a Suggestion of Death, noting the death of defendant Charles J. Hynes on January 29, 2019. *See* Dkt. 25.

8. On March 19, 2019, this case was stayed pending Plaintiff's filing of a motion for substitution as to defendant Hynes.

9. On March 21, 2019, John O'Hara, the plaintiff in the matter of *O'Hara v. City of New York, Charles J. Hynes, et al.*, Case No. 17-cv-04766-ILG-SMG (E.D.N.Y.), filed a creditor's petition in Queens County Surrogate's Court for the appointment of an administrator of defendant Hynes's estate.

10. On May 31, 2019, Plaintiff herein made a motion for a 60-day extension of time within which to file a motion to substitute a party in place of defendant Hynes (*see* Dkt. 26), which was granted by this Court.

11. Subsequent motions for 60-day extensions of time were made (*see* Dkt. 28 to Dkt. 35, inclusive) and granted by this Court. At present, Plaintiff is required to file his motion to substitute on or before November 30, 2020.

12. On October 15, 2019, Limited Letters of Administration of the estate of defendant Hynes were issued by Queens County Surrogate's Court to Patricia L. Hynes, the widow of defendant Hynes, which allowed her to accept process in case no. 17-cv-04766-ILG-SMG. *See* Decree attached hereto as Exhibit "A."

13. On November 26, 2019, Plaintiff petitioned Queens County Surrogate's Court to modify the restrictions as listed on the Limited Letters of Administration granted

Patricia L. Hynes to allow acceptance of process in the present matter. The consent of all interested persons in defendant Hynes' estate to the proposed modification was subsequently secured.

14. By Order dated December 18, 2019, the court in the matter of *O'Hara v. City of New York, Charles J. Hynes, et al.*, Case No. 17-cv-04766-ILG-SMG (E.D.N.Y.), granted the plaintiff's motion to substitute Patricia L. Hynes as a party in lieu of defendant Hynes.

15. By Order dated November 24, 2020, Queens County Surrogate's Court granted Plaintiff's petition to modify the restrictions as listed on the Limited Letters of Administration granted Patricia L. Hynes to include and allow acceptance of process in the present matter. *See* Order attached hereto as Exhibit "B."

**RULE 25(a)**

16. To substitute a party in place of defendant Hynes individually pursuant to Fed. R. Civ. P. 25(a), "(1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party." *Gusler v. City of Long Beach*, No. 10-CV-2077 (PKC)(AKT), 2015 WL 3796328, at *1 (E.D.N.Y. June 18, 2015) (internal citations and quotation marks omitted).

17. The present motion is timely, since it is made on or before November 30, 2020. *See Kernisant v. City of New York*, 225 F.R.D. 422, 427 (E.D.N.Y. 2005) (internal citation omitted) ("The Court is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period [specified by Fed. R. Civ. P. 25(a)] pursuant to Fed. R. Civ. P. 6(b).").

18. Also, the claim against defendant Hynes survives his death. "A court, in determining whether a claim brought under 42 U.S.C. section 1983 and the United States

Constitution survives the death of a defendant, must consider the law of the state in which the action arose." *Barrett v. United States*, 651 F. Supp. 604, 605 (S.D.N.Y. 1986) (internal citations omitted). Section 11-3.2(a)(1) of the New York Estates Powers and Trusts Law ("EPTL") provides that "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury." According to New York General Construction Law § 37-a, "“[p]ersonal injury" includes libel, slander and malicious prosecution." In the present matter, Plaintiff has asserted a Section 1983 claim based on malicious prosecution against defendant Hynes. Under New York law, it survives his death. *See Barrett*, *supra*, at 606 ("[C]ontrolling precedent indicates that a section 1983 claim would survive a defendant's death under New York law."); *see also Spagnuolo v. Suffolk County*, No. 12-CV-4327 (JS)(AKT), 2017 WL 4326510, at *6 (E.D.N.Y. Sept. 28, 2017), *affd sub nom. Spagnuolo v. Howell*, 814 Fed. Appx. 614 (2d Cir 2020) (claims under Section 1983 and under New York law for, inter alia, malicious prosecution survived a defendant's death).

19. Finally, Patricia L. Hynes is a "proper party" for substitution. A proper party must be "either (1) a *successor* of the deceased party [—] a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a *representative* of the deceased party [—] a person lawfully designated by state authority to represent the deceased's estate." *Gusler, supra*, at *1 (internal citations omitted, emphasis in original). New York law determines whether a person is a proper "successor" or "representative" of the decedent. *Garcia v. City of New York*, No. 08-CV-2152 (RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb.4, 2009). A "representative" is defined under New York law as "a person who has received letters to administer the estate of a decedent." EPTL § 1-2.13. As set forth above, Limited Letters of Administration of the estate of defendant Hynes were

issued on October 15, 2019, by Queens County Surrogate's Court, to Patricia L. Hynes; by Order dated November 24, 2020, the court modified the restrictions as listed on the Limited Letters of Administration to include and allow acceptance of process in the present matter.

20. Accordingly, it is respectfully submitted that Plaintiff's motion for an Order pursuant to Fed. R. Civ. P. 25(a)(1) substituting Patricia L. Hynes, the Administrator of the Estate of Charles J. Hynes, as a defendant in this action in lieu of the deceased defendant Charles J. Hynes should be granted.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 30, 2020

NIALL MACGIOLLABHUÍ