THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***sscharfs@law.nyc.gov***

January 22, 2021

Honorable Sanket J. Bulsara *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17 CV 01268 (MKB) (SJB)

Dear Magistrate Judge Bulsara:

I am an attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action. I write, with the consent of plaintiff's counsel, to request that the stay of discovery in this action remain in place and that the initial conference set for February 12, 2021, at 12:30 p.m., be adjourned sine die pending decision on defendants' Rule 12(b)(6) motion, which was fully briefed as of July 2, 2018.

A. Background and Status of This Action

By way of background, discovery in this action has been ordered stayed pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law, on consent of the parties, since August 30, 2017. A stay was granted on consideration of defendants' August 29, 2017 letter motion discussing the reasons for a stay and the application of these factors set forth in Long Island Hous. Servs. v. Nassau Cty. Indus. Dev. Agency, 14 CV 3307 (ADS) (AKT), 2015 U.S. Dist. LEXIS 161008 (E.D.N.Y. Dec. 1, 2015), and other case law in this Circuit, on August 30, 2017, pending the resolution of defendants' Rule 12(b)(6) motion. An initial conference that had been set for September 6, 2017, was also cancelled sine die.[1] Thereafter, while the Rule 12(b)(6) motion was pending, Mr. Hynes died on January 29, 2019. Following a March 19, 2019 conference, Judge Brodie issued an order staying the entire case pending the filing of a motion for substitution of Mr. Hynes and marking the pending motion to dismiss off the calendar until the substitution had been filed. During that conference, Judge Brodie indicated

[1] On September 5, 2017, the case was reassigned from Magistrate Judge Steven Gold to Your Honor.

that she would address the Rule 12(b)(6) motion once the substitution had been accomplished. Beginning on May 31, 2019, through September 26, 2020, Judge Brodie then granted a series of nine requests by plaintiff for extensions of time within which to file a motion to substitute a party in place of Mr. Hynes. The motion to substitute was filed on November 30, 2020, and granted on December 16, 2020.

To date, there has been no material change in circumstances or any developments that would impact the likelihood that the Court will grant the motion to dismiss. As set forth in defendants' August 28, 2017 letter requesting a stay (Docket Entry # 13), which the City fully incorporates herein by reference, defendant believes that the relevant factors favoring a stay of discovery are still amply satisfied and that the stay should remain in place.

B. The Stay of Discovery Should Remain in Place

Federal district courts have discretion to issue protective orders staying discovery pending decision on motions to dismiss. Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (the purpose of the motion would otherwise be defeated). District courts have ordered discovery stayed for good cause pursuant to Rule 26(c). See, e.g., Barnes v. Smith, 12 CV 1916 (RLE), 2013 U.S. Dist. LEXIS 12616, at *1-2 (S.D.N.Y. Jan. 17, 2013). Good cause may be shown where a party has filed a dispositive motion. Id. A stay of discovery is appropriate where the motion appears to have substantial grounds or does not appear to be without legal foundation. Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). In determining whether to stay discovery, district courts consider the nature and complexity of the particular case, as well as the following factors: (1) whether defendant has made a strong showing that plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. E.g., Bethpage Water Dist. v. Northrop Grumman Corp., 13 CV 6362 (SJF) (WDW), 2014 U.S. Dist. LEXIS 168468, at *4 (E.D.N.Y. Dec. 3, 2014); Kanowitz v. Broadridge Fin. Sol., 13 CV 649 (KT), 2014 U.S. Dist. LEXIS 46518, at *15-16 (E.D.N.Y. Mar. 21, 2014). These factors weigh in favor of continuing the stay of discovery that was previously ordered in this action.

First, as outlined in defendants' memorandum of law in support of their motion, the motion to dismiss is strong on the merits and, if granted, would be fully dispositive of the case. Plaintiff advances two claims for relief in this action: a claim for malicious prosecution against Mr. Hynes, former District Attorney of Kings County, and a claim pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978), against the City of New York. Defendants' motion to dismiss argues, in essence, that the claims asserted in this action brought pursuant to 42 U.S.C. § 1983, are barred by threshold legal defenses. Specifically, based on plaintiff's allegations, his claim for malicious prosecution against Hynes is barred by the doctrine of absolute prosecutorial immunity, the absence of sufficient alleged facts to support personal involvement, and the existence of a grand jury indictment establishing probable cause. With regard to the derivative claim against the City for municipal liability, the underlying alleged conduct was prosecutorial in nature and therefore, if anything, within the ambit of the district attorney's role as policymaker for the state and not for defendant City. Further, plaintiff's allegations do not articulate a coherent theory of municipal liability or support an underlying violation of a federally-protected right.

Second, a stay would benefit both sides by avoiding the burden and expense of discovery that may well prove unnecessary. According to the Amended Complaint, the underlying events have a lengthy and complex history. There is potentially extensive written discovery to be exchanged and many witnesses to be interviewed and/or deposed. Given the nature of the underlying criminal proceedings, and plaintiff's expansive allegations, which are alleged to implicate the prosecution of a non-party individual with regard to child sexual assault victims, the discovery issues are likely to be complex. It would appear from plaintiff's narrative of the events that many non-party depositions will be needed. It is also likely that discovery will require the Court's ongoing involvement, given the need to obtain extensive information by subpoena from non-parties who may be uncooperative. See Integrated Sys. & Power v. Honeywell Int'l, 09 Civ. 5874, 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery") (quoting In re Term Commodities Cotton Futures Litig., 12 Civ. 5126, 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013)). The burden of engaging in discovery activities at this time would be significant in light also of current COVID-19 restrictions and safety protocols, and the burden would fall on government agencies to expend scarce public resources. Case law favors a stay of discovery in these circumstances. See Chesney v. Valley Stream Union Free Sch. Dist. No. 25, 05 CV 5105 (DRH) (ETB), 2006 U.S. Dist. Lexis 22417, at *7-8 (E.D.N.Y. Mar. 28, 2006) (concluding that it would be "unreasonable and inappropriate to set a discovery schedule, as compliance with discovery would result in a substantial diversion of public resources, and that, by awaiting a decision on the motion, the areas of discovery might be substantially reduced, if not eliminated).[2]

Third, plaintiff has consented to a stay. There should therefore be no risk of unfair prejudice to plaintiff. In any event, a delay alone does not constitute prejudice. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Any effect of the stay would fall equally on both sides. See Bethpage Water District, 2014 U.S. Dist. LEXIS 168468, at *9 (risks are the "usual litigation risks that affect the parties equally, regardless of the amount of time permitted for discovery"). By contrast, requiring the parties to engage in discovery related to claims that may well not withstand motion practice would be burdensome to both sides.

In conclusion, discovery should await decision by the Court that there is a legally-cognizable claim. Courts within this Circuit have recognized, as a general proposition, that, to be entitled to discovery, a plaintiff must state a claim. Bridgewater v. Taylor, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010); see also Zurich Am. Ins. v. Dah Sing Bank, Ltd., 03 CV 7778 (DLC), 2004 U.S. Dist. LEXIS 10786, at *27 (S.D.N.Y. June 15, 2004) ("Having shown no ability to

---

[2] As noted above, the City has moved to dismiss plaintiff's Monell claim. Separate and apart from that, courts often stay discovery on Monell claims based on considerations of efficiency until it has been resolved whether there is a viable claim for an underlying violation of a constitutional right has been established. See, e.g., Roper v. City of N.Y., 15 CV 8899 (PAE) (GWG), U.S. Dist. LEXIS (S.D.N.Y. Jan. 25, 2017); Brown v. City of N.Y., 13 CV 6912 (TPG), 2016 U.S. Dist. LEXIS 18670, at *4 (S.D.N.Y. Feb. 16, 2016). Should discovery proceed, defendant City will likely move to bifurcate Monell discovery.

state a claim against Union Bank, Zurich is not entitled to discovery."); Baird v. Kingsboro Psychiatric Ctr., 11 CV 159 (NGG) (LB), 2013 U.S. Dist. LEXIS 153847, at *14 (E.D.N.Y. Oct. 24, 2013) ("The court notes that a party is not entitled to discovery as of right; a plaintiff must first state a claim upon which relief may be granted.").

For all of the above reasons, the City asks that a stay of discovery remain in place and that the February 12, 2021 conference be adjourned sine die.

We thank the Court for its consideration of the above.

Respectfully submitted,

/s/Susan P. Scharfstein

Susan P. Scharfstein

cc: Niall Macgiollabhui, Esq. (by ECF)