THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***sscharfs@law.nyc.gov***

January 11, 2022

Honorable Marcia M. Henry *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17-cv-01268 (MKB) (MMH)

Dear Magistrate Judge Henry:

I am an attorney in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, counsel for defendants City of New York and Patricia Hynes, as administrator of the estate of Charles J. Hynes, in this action. I write to submit this joint report on the status of discovery on behalf of the parties as directed by the Court by Order dated December 6, 2021.

As a preliminary matter, discovery in this action commenced after the initial conference was held on March 4, 2021, and was originally scheduled to close on December 3, 2021.[1] The parties note that they have long since completed the exchange of documents as between themselves, and the principal challenges that they have faced relate to obtaining the substantial discovery needed from non-parties. In particular, plaintiff has endeavored to obtain the underlying records necessary to evaluate and prosecute this matter from non-parties, the primary source of which has been the Kings County District Attorney's Office ("KCDA"). In April of 2021, plaintiff served a subpoena for documents on that office. Since that time, the KCDA has produced many thousands of pages of documents and extensive privilege logs on a rolling basis, with periodic supplements as its small staff has endeavored to retrieve and process the extensive files relating to three separate but – as plaintiff contends – interrelated criminal prosecutions. The KCDA also was necessarily put to the task of producing electronic discovery, which has been challenging and has required the involvement of its technical staff and the cooperation of all participants in the discovery process to tailor the searches to render them

[1] Prior to that time, the parties engaged in early motion practice. After the death of defendant Charles Hynes, plaintiff was required to await action of the Surrogate's Court before substituting in his legally-appointed personal representative.

meaningful and manageable. There have been multiple "meet and confer" sessions involving counsel for both sides and a representative of the KCDA. The parties wished to resolve any differences, including privilege issues, without the need for Court intervention, and believe that they have now been successful in that regard.

Most recently, the KCDA indicated that its goal is to produce the remaining electronic discovery by the third week in January. The parties have aimed to schedule depositions of the two main KCDA prosecutors as soon as possible after the KCDA completed its document production, while allowing some time for review of the documents. Although there had been discussions of conducting depositions this week, as a result of a Covid-19 outbreak, the KCDA closed its offices on December 22, 2021. Its planned reopening was then delayed from January 5, 2022, to January 18, 2022. The KCDA representative in charge of document production and deposition preparation for this matter became ill for a period of time. While KCDA staff (some of whom also became ill) attempted to make progress while working from home, the email production was delayed. The parties are now hoping to receive those documents by mid-month. The delay in receipt of documents has also created a delay in scheduling the depositions. After conferring, the parties have learned that the two assistant district attorneys who were primarily involved and whom plaintiff wished to depose first, are next available on February 9, and February 11, 2022. The parties have set aside those dates for the depositions. Additionally, plaintiff anticipates that he may need to depose as many as eight more current and former KCDA employees, and approximately five witnesses who are not members of the KCDA and who have not been affiliated with that office. Defendants expect to conduct several additional depositions, including the deposition of plaintiff and one or more non-parties. Although plaintiff has reached out to a number of the non-KCDA non-party witnesses whom he wishes to depose, he is awaiting their response so that dates may be set for their depositions to take place after the depositions of the two assistant district attorneys who were principally involved in the underlying criminal prosecutions.

Once depositions begin, the parties hope to complete this final phase of discovery within 60 days. The parties are cognizant, however, that the ongoing pandemic may pose obstacles to the availability of one or more of the necessary participants. While plaintiff has reached out to the non-parties to obtain their documents and to set dates for their depositions, the parties are also cognizant that scheduling issues may arise because they may not be available as expeditiously as hoped and wish to work constructively with those individuals while making progress that is satisfactory to the Court. Further, defendants' counsel is now addressing a confluence of deadlines for discovery and motion practice in other matters at the end of this month and in February, some of which were adjourned and unavoidably delayed because counsel or witnesses involved in those matters have been unavailable at times because of illness. Despite the difficulties posed by the public health emergency and the fact that nearly all of the document and deposition discovery in this matter needed and will need to be obtained from non-parties, the parties wish to assure the Court that they are committed to completing discovery as expeditiously as possible.

Accordingly, the parties propose that the Court grant a 60-day extension of time in which to complete fact discovery to April 1, 2022, which they believe would allow them a reasonable and realistic time frame within which to complete the necessary tasks. The parties do

not anticipate that expert discovery will be needed. The parties also propose that the Court set a telephone conference to address any concerns regarding the schedule and any other issues going forward, should the Court deem such a conference helpful. In light of the challenges identified above, the parties would welcome the Court's guidance, if any. In this regard, the parties wish to advise the Court that, should the Court wish to set a telephone conference, counsel for both sides are available on the afternoon of January 13, the afternoon of January 14, the afternoon of January 15, the afternoon of January 18, all day on January 19, and the afternoon of January 21, 2022.

The parties thank the Court for its consideration herein.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

cc: Niall MacGiollabhui, Esq. *(by ECF)*