

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-356-2355*
sscharfs@law.nyc.gov

April 1, 2022

Honorable Marcia M. Henry *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Kellner v. City of New York, et al.</u>, 17-cv-01268 (MKB) (MMH)

Dear Magistrate Judge Henry:

      I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants City of New York and Patricia Hynes, as administrator of the estate of Charles J. Hynes, in this action. I write to submit this joint status report on behalf of the parties, pursuant to the Court's order dated March 4, 2022. As the Court is no doubt aware, this action involves allegations of malicious prosecution and municipal liability against the City of New York and Patricia Hynes, as the representative of the estate of her late husband, former Kings County District Attorney Charles J. Hynes. This action arises out of the prosecution of plaintiff Samuel Kellner, which took place from 2011 to 2013, and is alleged to be related to the prosecutions of two other individuals, Baruch Lebovits and Simon Taub, which commenced in or around 2008 and 2010, respectively.

      Further to the parties' prior status report, the parties believe that the exchange of documents has been completed. Depositions are ongoing. The parties have completed depositions of three non-party witnesses as follows: Kings County District Attorney's (KCDA) Office Assistant District Attorney (ADA) Miss Gregory – February 23, 2022; ADA Nicholas Batsidis – March 23, 2022; and KCDA Detective-Investigator Stephanie Green-Jones – March 24, 2022. Depositions of five additional non-party witnesses have been scheduled to date as follows: retired ADA Rhonnie Jaus – April 8, 2022; ADA Anthea Bruffee – April 14, 2022; ADA Kevin O'Donnell – April 22, 2022; retired ADA Amy Feinstein – April 26, 2022; and retired ADA Michael Vecchione – May 20, 2022, and will take place on those dates with the Court's approval.

      The parties presently anticipate that as many as nine additional depositions may be necessary. Plaintiff contemplates up to seven additional depositions, for a total of fifteen depositions to be taken by plaintiff. The parties have agreed to hold the following dates for a

number of these depositions, subject to confirmation of the availability of the witnesses: Moshe Friedman – May 23, 2022; attorney Arthur Aidala – June 21, 2022; attorney John Lonuzzi – June 23, 2022; former KCDA social worker Chana Widawski – June 29, 2022; former KCDA Community Liaison Henna White – July 8, 2022; and retired NYPD Detective Steven Litwin – July 12, 2022. Plaintiff has elected to sequence his depositions so as to avoid the need to conduct any depositions that may prove unnecessary in light of the testimony of other witnesses, which will conserve the time and the resources of both sides.[1] Defendants anticipate conducting the depositions of plaintiff and one of plaintiff's family members on dates that are not needed for depositions of other witnesses once dates have been set for depositions to be conducted by plaintiff, as plaintiff's counsel has advised that his client and his client's son are generally available and have flexibility with regard to scheduling. To date, several of the depositions have been lengthy and have required the use of many exhibits. The parties anticipate that many of the upcoming depositions will take full days or, if not, substantial portions of days, to allow for questioning of the witnesses by both sides.

While plaintiff's counsel would prefer to complete all depositions in April (or May), that time frame is not feasible from defendants' perspective. First, considering the extensive production of written and audiovisual materials in this action (in the range of 40,000 to 50,000 pages of documents plus audio and video recordings, including the extensive and protracted document production by the KCDA, with nearly 800 audio recordings produced as recently as several weeks ago), considerable time is required to prepare for each deposition and to prepare the witnesses, including refreshing recollections as to complex events that took place going back at least to 2008. Related to this, time has been needed to address representational decisions as to each of the employees of the KCDA. While a number of the witnesses have been or will be represented by the KCDA, other are or will be represented by the Law Department. A review of the extensive document exchange must be undertaken to address representational issues as to each of the witnesses. Second, the schedules of the witnesses must be taken into account. Third, counsel for defendants is scheduled to begin trial in another federal court matter on May 9, 2022, and has been instructed to be ready for trial as soon as May 2, 2022, because of the need to structure jury selection and attendance in light of COVID-19 protocols. Although, the trial is expected to take approximately one week, the dates of trial are at this time uncertain. In addition, defense counsel will need some time to prepare for trial and to devote to litigation activities in other cases during the month of April, and has had to defer commitments in other matters until after the trial in May. Additionally, plaintiff's counsel will be out of the country from May 25, 2022, until June 17, 2022, for family-related reasons to which he has had a longstanding commitment.

---

[1] Defendants do not waive their right to object to plaintiff's proposal to exceed the presumptive limit of ten on the number of depositions to be taken by each side, particularly in light of the current discovery schedule, as defendants believe that it would require compressing many depositions into a brief and unrealistic time frame. Both sides hope, however, to work constructively to resolve this issue without Court intervention.

The parties have endeavored to schedule as many depositions as possible to take place in April, and have set aside dates in May (after the trial of defense counsel and prior to the time that plaintiff's counsel is scheduled to leave the country), June (after plaintiff's counsel returns in mid-June), and early July, for others; however, counsel also wish to make a realistic proposal to the Court in light of other work commitments and the need to reasonably accommodate the schedules of non-party witnesses and to prepare for the depositions. While the present status report is not due until April 14, 2022, the parties believe it prudent to bring this matter to the Court's attention as soon as possible, and to request that the Court extend the fact discovery deadline from May 1, 2022, to July 15, 2022. The parties can make themselves available for a telephone conference, should the Court deem such a conference helpful.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

cc: Niall MacGiollabhui, Esq. *(by ECF)*