THE LAW OFFICE OF
NIALL MACGIOLLABHUÍ

171 Madison Avenue, Suite 305
New York, New York 10016
T: 646-850-7516
F: 347-620-1395
niallmacg@macglaw.com

July 25, 2022

**VIA ECF**

Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Kellner v. City of New York, et al.**
                  **Docket No. 17-cv-01268 (MKB) (MMH)**

Dear Judge Henry:

      I represent Plaintiff in the above matter and submit this letter to request extension of the discovery deadline from July 28, 2022, to September 23, 2022. Furthermore, I submit this letter, pursuant to Local Civil Rule 37.3(c) and this Court's Practice Rules, to compel production of certain notes from former NYPD Detective Steven Litwin, as set forth in detail below.

      With regard to depositions, four remain to be taken (and one to be completed) by Plaintiff. The depositions of John Lonuzzi and Moshe Friedman were scheduled to occur on July 12, 2022. However, a disagreement arose with Mr. Lonuzzi as to whether he had been properly subpoenaed and whether he had agreed to appear that day (he was unavailable on June 23, 2022, the date on the subpoena). The disagreement has now been resolved and Mr. Lonuzzi has agreed to appear on a date to be determined. Mr. Friedman did not appear on July 12, 2022, despite being served with a subpoena, and has not responded to correspondence. Plaintiff believes a so-ordered subpoena will be necessary to secure his attendance. Lawrence Goldman's deposition is scheduled for July 26, 2022. The deposition of former Detective Steven Litwin was scheduled for July 19, 2022, subject to advance production of certain notes requested by Plaintiff. However, the NYPD's search for the notes is still ongoing. There is also a dispute between the parties as to the scope of that search, which is addressed below. Finally, the deposition of ADA O'Donnell must be completed (the parties have been advised by the Kings County District Attorney's Office ("KCDA") that production of certain documents that prevented completion of his deposition in April is imminent). For their part, Defendants still intend to depose Plaintiff and at least one other non-party.

While present counsel believes that discovery should be completed by September 23, 2022, I am nonetheless concerned that it will not happen. Counsel for Defendants has indicated that she is available on only one day in August (which has been set aside for completion of ADA O'Donnell's deposition, subject to receipt of the outstanding document production and extension of the discovery deadline) and is presently unable to provide available dates in September. Since all but one of the remaining depositions are of non-parties, I am concerned that unless they are scheduled soon, scheduling conflicts will prevent their completion by September 23, 2022 (opposing counsel has advised that she will be unavailable during the last week in September for religious observance reasons). Furthermore, and most pressing, a date on which opposing counsel is available is required for the subpoena addressed to Moshe Friedman that Plaintiff wishes to submit for so-ordering to the Court.

With regard to the dispute over former Detective Litwin's notes, he was the lead detective in the prosecution of Baruch Lebovits for sexually abusing a number of children, including my client's son. One of the other victims subsequently (falsely) claimed that he had been paid by my client to fabricate the abuse allegations, leading to my client's (malicious) prosecution by the KCDA. Discovery from the KCDA revealed that this victim met with Litwin after he ended his cooperation with the prosecution of Lebovits (but before he accused my client of wrongdoing) and told Litwin he had been pressured to end his cooperation, was afraid, and had been instructed not to contact either the KCDA or the police. The discovery further revealed that Litwin asked for an investigation into witness tampering but was rebuffed by the KCDA. In his original request for production, Plaintiff requested all NYPD documents relating to the investigation of Baruch Lebovits. Defendants provided some computerized records and asked opposing counsel to await production of the KCDA records to see whether they contained Litwin's notes. The KCDA records contained his notes up to February 1, 2009, which predated the period of the above-described events. Towards the end of May 2022, I requested the balance of the notes, including at a minimum those encompassing the period from November 1, 2009, to November 1, 2010. On June 17, 2022, I followed up with respect to the request, since Litwin's deposition was then scheduled for July 12, 2022. Opposing counsel responded that she was waiting for confirmation from me of the period for which notes were sought. So that I would have the notes in time for Litwin's deposition, I did not expand the period of the search and I also agreed not to seek a second search after the first one was completed. On July 8, 2022, opposing counsel told me by phone that the notes would probably not be available in time for Litwin's deposition (which had been rescheduled to July 19, 2022), and, on July 15, 2022, stated by email that "we can do his deposition in late August or early September, which will give us time to get the notes."[1] On July 15, 2022, I responded that, since Litwin's deposition was no longer imminent, I wished for the search to encompass the period from February 1, 2009 (instead of November 1, 2009) to November 1, 2010. Opposing counsel is unwilling to provide notes for this period on the basis of our agreement, as she stated by email on June 21, 2022, not to "have a search done twice." Since, as of July 15,

---

[1] On July 15, 2022, opposing counsel also advised me that the NYPD requested an order from the Court to ensure compliance with its obligations under Section 50-b of the New York Civil Rights Law regarding the possible identification of victims of sex offenses. I will submit a proposed Order upon resolution of the parties' dispute as to the scope of the search.

2022, it does not appear that the first search had even been commenced, let alone completed, my position is that the agreement (which I entered into for purposes of obtaining the notes in time for July 12, 2022) is not applicable. I am not asking for a second search, merely a slightly expanded version of an initial search that is, at most, only just underway. Moreover, Plaintiff should be not deprived of clearly relevant material as a result of his courtesy in agreeing not to seek the notes until the extent to which they could be found within the KCDA's records was first determined. Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37.3(a), I hereby certify that I have conferred at length with opposing counsel in an unsuccessful effort to resolve this dispute, including earlier today.

In these circumstances, Plaintiff is requesting a telephone conference with the Court to address the issues as to the remaining depositions and as to former Detective Litwin's notes, respectively.

I thank the Court for its attention to this matter.

Respectfully,

*Niall MacGiollabhuí*

Niall MacGiollabhuí

cc: Susan P. Scharfstein, Esq.