

| HON. SYLVIA O. HINDS-RADIX | THE CITY OF NEW YORK | Susan P. Scharfstein |
| *Corporation Counsel* | LAW DEPARTMENT | *Special Federal Litigation Division* |
| | 100 CHURCH STREET | 212-356-2355 |
| | NEW YORK, NY 10007 | sscharfs@law.nyc.gov |

August 3, 2022

Honorable Marcia M. Henry *(by ECF)*
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Kellner v. City of New York, et al.</u>, 17-cv-01268 (MKB) (MMH)

Your Honor:

      I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants City of New York and Patricia Hynes, as Administrator of the Estate of former Kings County District Attorney Charles J. Hynes, in the above-referenced matter. For the reasons below, defendants oppose plaintiff's letter motion of July 25, 2022, seeking to: (i) extend discovery from July 28, 2022 to September 23, 2022; and (ii) compel production of "certain notes from former NYPD Detective Steven Litwin."

### **Extension of Discovery Deadline**

      Defendants do not object to an extension of discovery, but rather submit that the enlargement sought by plaintiff – to September 23, 2022 – is unrealistic and will impose an unreasonable burden on defendants, as it is not sufficient time in which to complete the necessary tasks. Specifically, plaintiff seeks four additional depositions over the 11 he has already conducted, to which defendants, as explained below, do not consent.[1] The sole exception is the continuation of the deposition of ADA Kevin O'Donnell, which was adjourned because the office of non-party Kings County District Attorney ("KCDA") learned of additional documents on the eve of the deposition and plaintiff has since sought yet additional discovery from the KCDA. Defendants anticipate that they will need up to five depositions, which have been delayed because of the many

---

[1] Defendants have not consented to plaintiff's exceeding the presumptive limit of 10 depositions allowed without stipulation or leave of Court pursuant to Rule 30, and have repeatedly reserved their rights to oppose any such application by plaintiff in communications with plaintiff's counsel and submissions to the Court dated April 1 and May 24, 2022. (<u>See</u>, <u>e.g.</u>, Docket Entry Nos. 51 and 52). In emails exchanged on December 7, 2021, March 30, 2022, and other dates, defense counsel communicated this position and plaintiff's counsel acknowledged that he understood.

depositions demanded by plaintiff and the expansive written discovery that has been exchanged in this matter, totaling in excess of 50,000 pages of documents and 800 audiovisual files, including multiple electronic searches of email messages by the KCDA. As a result of the extensive documentary record, the time necessary to prepare for depositions has been considerable. Preparation for the depositions has also required attempting to refresh the witnesses' recollections as to complex events that took place going back at least to 2008.

Moreover, it is obvious that scheduling conflicts will arise. Plaintiff's counsel has already advised that he is unavailable for a period of time in late August and early September. Defendants' counsel will be unavailable at different times from late September to mid-October because of the Jewish holidays, and has numerous depositions and other discovery and motion practice scheduled in other matters over the next several months. At least one of the witnesses, and likely several others, are unavailable on Fridays because of religious observance and may have other scheduling conflicts as well. There is currently no date certain by which the KCDA will complete its production of documents before the continuation of the O'Donnell deposition may be scheduled.

Additionally, any resolution of the issue that plaintiff has raised with regard to the "Litwin notes" (discussed below) has been delayed because plaintiff's counsel has not yet made an application to the Court allowing NYPD to release information concerning the documents relating to sexual assault victims that are protected pursuant to New York Civil Rights Law § 50-b. Assuming that the parties are unable to resolve these issues informally, time will be needed to address the issues of the "Litwin notes"[2] and any application by plaintiff to further exceed the presumptive limit of ten depositions pursuant to Rule 30(a)(2)(A)(i). While defendants have attempted to work constructively to resolve these issues, in light of plaintiff's recent demands with regard to the timing of the depositions and the document discovery issues, it has now become clear that defendants cannot accommodate plaintiff's demand for additional discovery within the time limits that he seeks to impose. Defendants thus ask that the Court extend discovery through at least October 31, 2022.

**The "Litwin Notes"**

The Court should also deny plaintiff's motion to the extent it seeks "Litwin notes." As an initial matter, plaintiff seeks documents that are far afield from the issues in this case. In this action against the City and Patricia Hynes (as administrator of the Hynes Estate), plaintiff alleges two claims arising out of his 2011 indictment and ensuing criminal prosecution on charges that included conspiracy, attempted grand larceny, perjury, and criminal solicitation: (i) a malicious prosecution claim against the Hynes Estate; and (ii) a municipal liability claim against the City that is derivative of DA Hynes's alleged conduct in his policymaking role. Notwithstanding the substantial record that has been developed in discovery, no evidence has

---

[2] Once plaintiff has sought and obtained an appropriate Court Order in light of Civil Rights Law § 50-b, defendants will need to locate, review, evaluate and, if necessary, litigate plaintiff's entitlement to any notes. If defendants are to produce any documents, they will then need to redact and prepare documents for production, which may be challenging if the documents are not readily legible because they are handwritten notes.

2

emerged to support plaintiff's claims. On the contrary, discovery shows that plaintiff was indicted after the KCDA received overwhelming and independent forms of corroborating evidence implicating plaintiff in multiple crimes.

As noted, the NYPD has informed this office that, as a result of a recent change to New York Civil Right Law § 50-b, it cannot, without a court order, release information that contains references to sexual assault victims. As such, this office has no information concerning the existence or contents of the documents and has asked plaintiff to seek an appropriate order allowing the NYPD to release to this office information relevant to the existence of any responsive notes. Plaintiff has declined to do so, stating that he wishes to wait until after the Court has ruled on his entitlement to notes. In so doing, plaintiff has effectively placed the cart before the horse and deprived defendants of a meaningful opportunity to respond.

To be clear, defendants have not agreed to produce any notes.[3] Any discussion of producing notes was, from defendants' perspective, solely an accommodation to avoid enmeshing the Court in unnecessary disputes. Any such documents are far afield from the conduct of DA Hynes, which is the sole matter at issue in this case. To this day, plaintiff has been unable to explain the relevance of the notes. There is no evidence that Det. Litwin, who investigated sex crimes while assigned to the Brooklyn Special Victims Unit, partook in any investigation that led to plaintiff's indictment, played any role in plaintiff's prosecution on charges of conspiracy, attempted grand larceny, perjury, and criminal solicitation, or communicated with DA Hynes. In fact, the investigation of plaintiff was led by KCDA Detective Investigator Stephanie Green-Jones, who has already been deposed. While plaintiff asserts that Det. Litwin requested a "witness tampering" investigation into the circumstances of the recantation of an alleged assault victim and was "rebuffed" by the KCDA, he cites no authority to support that either Det. Litwin or plaintiff was entitled to any investigation by the KCDA of alleged "witness tampering" – to which neither Litwin nor plaintiff was, in fact, entitled – even assuming that an investigation could have been undertaken and was not. In any event, defendants ask that the Court defer ruling on this issue until the plaintiff has sought – and the Court has granted – an appropriate order allowing the NYPD to release such information to this office as may be necessary for defendants to prepare an informed and meaningful response.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

---

[3] Plaintiff misstates the history of the discussions with regard to any notes. Among other things, plaintiff agreed to make a single written request for the documents such that there would be no subsequent or follow-up requests, and has now seemingly reneged on such agreement. (See annexed email exchange of June 21, 2022, with name of minor sexual assault victim redacted for filing by ECF).

cc: Niall MacGiollabhui, Esq. *(by ECF)*