**THE LAW OFFICE OF**
**NIALL MACGIOLLABHUÍ**

171 Madison Avenue, Suite 305
New York, New York 10016
T: 646-850-7516
F: 347-620-1395
niallmacg@macglaw.com

October 25, 2022

**VIA ECF**

Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Kellner v. City of New York, et al.**
**Docket No. 17-cv-01268 (MKB) (MMH)**

Dear Judge Henry:

I represent Plaintiff in the above matter and write in respect of the deposition of former NYPD Detective Litwin. In the course of the recent conference, the Court stated that it was "inclined to permit [Litwin's deposition] in a limited scope." The issue was not addressed any further. Plaintiff intends to question Litwin in respect of his investigation of allegations of sexual abuse against Baruch Lebovits (including Litwin's interactions with the victims and their families, and the efforts to prevent the victims from testifying at trial) and his interactions with the Kings County District Attorney's Office. I estimate that Plaintiff's questions will take up to four hours. Plaintiff's questioning of John Lonuzzi at his deposition last week was limited to two and a half hours, which proved just about sufficient to allow for adequate inquiry. Litwin is a considerably more significant witness than Lonuzzi, and thus, while Plaintiff does not take issue with the limitation suggested by this Court, nonetheless wishes to ensure that he will be able to complete an adequate inquiry into matters of central relevance to this case.

The parties have corresponded by email about this issue. Specifically, on October 14, 2022, opposing counsel asked me to propose a limitation on Litwin's deposition before potential dates on which to conduct it would be provided. I suggested the foregoing four-hour limitation, which was unacceptable, and asked for a counter proposal, which has not been forthcoming. I also attempted unsuccessfully to confer by telephone. Defendants' present position is that "the deposition is [not] warranted and [the present] request is also premature, and, in any event, a demand for four hours of questioning is excessive and unreasonable and does not represent a good faith effort to resolve the issue short of court intervention." (I sent successive drafts of the present

application to opposing counsel and was informed that I was misstating the basis of the opposition thereto. To avoid any disagreement in this regard, I have enclosed our complete email correspondence.)

Accordingly, to the extent that the Court is still inclined to limit the scope of Litwin's deposition, Plaintiff submits that a temporal limitation on his questions of four hours is appropriate. While a non-temporal limitation is also possible, Plaintiff suggests that it is less preferable since it is more likely to lead to uncertainty and disagreement over its exact boundaries, the resolution of which may require the intervention of the Court. In any event, in the absence of agreement between the parties, direction from the Court as to the limitation it deems appropriate would be greatly appreciated.

I thank the Court for its attention to this matter.

Respectfully,

Niall MacGiollabhuí

Niall MacGiollabhuí

Encl.

cc: Susan P. Scharfstein, Esq.