

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Susan P. Scharfstein**
*Special Federal Litigation Division*
*212-356-2355*
*sscharfs@law.nyc.gov*

November 1, 2022

Honorable Marcia M. Henry *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  <u>Kellner v. City of New York, et al.</u>, 17-cv-01268 (MKB) (MMH)

Dear Magistrate Judge Henry:

    I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants in the above-referenced matter. For the reasons below, defendants ask that the Court deny plaintiff's motion to compel the deposition of retired NYPD Detective Steven Litwin dated October 25, 2022, which, if granted, would allow plaintiff to exceed by four depositions the ten-deposition limit set forth in the federal rules.

    In this action, plaintiff alleges claims against Patricia Hynes, as the representative of the estate of her late husband, former Kings County District Attorney Charles J. Hynes, who is sued on a theory of malicious prosecution, and the City of New York, which has been named on a derivative theory pursuant to <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978), related to Mr. Hynes's role as policymaker for the KCDA. Accordingly, only Mr. Hynes's conduct related to plaintiff's prosecution on charges of perjury, criminal solicitation, conspiracy, and attempted grand larceny is at issue in this case.

    To the extent that plaintiff states that he "intends to question Litwin in respect of his investigation of allegations of sexual abuse against Baruch Lebovits (including Litwin's interactions with the victims and their families, and the efforts to prevent the victims from testifying at trial) and his interactions with the Kings County District Attorney's Office," (Motion at 1), these topics stray far beyond Mr. Hynes and any potential liability of defendants. Further, Mr. Hynes' involvement in the criminal matters involving both plaintiff and Mr. Lebovits have already been exhaustively explored in discovery.

    A.  Legal Standards

    The federal rules set a presumptive limit of ten depositions per side. <u>See</u> Fed. R. Civ. P. 30(a)(2)(A). The purpose of Rule 30(a)(2)(A) is to "enable the courts to maintain a tighter rein on the extent of discovery and minimize the potential cost of wide-ranging discovery." <u>Castro v.</u>

City of N.Y., 11-cv-7856 (DAB) (HBP), 2014 U.S. Dist. LEXIS 60224, at *8 (S.D.N.Y. Apr. 30, 2014) (citation and quotations omitted); see also Sigala v. Spikouris, 00-cv-0983 (ILG), 2002 U.S. Dist. LEXIS 10743, at *13 (E.D.N.Y. Mar. 7, 2002); Walters v. T&D Towing, 17-cv-0681 (AKT), 2020 U.S. Dist. LEXIS 222238, at *3 (E.D.N.Y. Nov. 27, 2020).

Rule 30 provides that, where, inter alia, a deposition would result in more than ten depositions being taken by a side, the Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2). Rule 26(b)(2)(C) provides that the Court must limit the frequency or extent of discovery that is otherwise allowed if it is unreasonably cumulative or duplicative; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1). Rule 26(b)(1) focuses on whether the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Leave should be denied where these factors do not weigh in favor of allowing the discovery. See, e.g., CFTC, 2005 U.S. Dist. LEXIS 27454, at *2; Walters, 2020 U.S. Dist. LEXIS 222238, at *2

A party seeking leave to take additional depositions must demonstrate that exceeding the statutory limit is necessary and not cumulative, repetitive, or burdensome. See, e.g., Powers v. Mem'l Sloan Kettering Cancer Ctr., 20-cv-2625 (LGS), 2020 U.S. Dist. LEXIS 187204, at *6 (S.D.N.Y. Oct. 8, 2020) (denying motion where plaintiff failed to demonstrate that additional depositions would not be cumulative); see also Borsack v. Ford Motor, 04-cv-3255 (RCC) (MHD), 2006 U. S. Dist. LEXIS 40164, at *4 (S.D.N.Y. June 14, 2006) (denying motion where plaintiff failed to explain why he needed to exceed the presumptive ten-deposition limit). The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual. Castro, 2014 U.S. Dist. LEXIS 60224, at *8; CFTC v. Commodity Inv. Group, 05-cv-5741 (HB), 2005 U.S. Dist. LEXIS 27454, at *2 (S.D.N.Y. Nov. 10, 2005); see also Snoussi v. Bivona, 05-cv-3133 (RJD) (LB), 2011 U.S. Dist. LEXIS 147833, at **5-6 (E.D.N.Y. Dec. 22, 2011) (deny leave to conduct additional depositions where testimony would be cumulative of other witnesses who had already been deposed). The purpose of the limitation in the rule is to force counsel to "think long and hard about who they want to depose and to depose only those who are really important so as to stay within the limit set by the rule." In re Weatherford Int'l Sec. Litig., 11 Civ. 1646 (LAK) (JCF), 2013 U.S. Dist. LEXIS 153011, at *11 (S.D.N.Y. Oct. 24, 2013) (quotation omitted); Oliver v. NYS Police, 1:15-cv-0444 (BKS/DJS), 2018 U.S. Dist. LEXIS 242604, at **3-4 (N.D.N.Y. 2018). The Court should not grant leave to exceed the limit of ten depositions except on a showing of need. S.F. Health Plan v. McKesson Corp., 264 F.R.D. 20, 21 (D. Mass. 2010) (striking a balance by requiring, as a deterrent, that the party seeking the depositions pay the reasonable costs, including attorneys' fees, incurred by the opposing party for additional depositions).

B.      Plaintiff's Motion to Compel Should Be Denied

Plaintiff has failed to meet his burden, as the party seeking to exceed the presumptive ten-deposition limit, to show that a deposition of Mr. Litwin, which would be his fourteenth in this case, is necessary and would not be cumulative, redundant, or unreasonably burdensome. The

relevant factors set forth in Rule 26 weigh against plaintiff's entitlement to this deposition particularly in light of the extensive discovery that he has already conducted.

Plaintiff has had ample opportunity to thoroughly explore Mr. Hynes' involvement in the underlying matter at issue via document and deposition discovery. To date, plaintiff has conducted depositions of nine current or former members of the KCDA. Those individuals include the assistant district attorneys assigned to the Sex Crimes and Rackets Bureaus, several executive-level staff members and others who reported to and interfaced with Mr. Hynes, all of whom were involved in the prosecutions of Mr. Lebovits and plaintiff in some capacity, a KCDA detective-investigator who investigated the matter that led to plaintiff's prosecution, and a KCDA liaison to the Jewish community in Brooklyn. Plaintiff has also deposed two of Mr. Lebovits's defense attorneys and an attorney who represented one of his alleged victims. None of the twelve depositions conducted so far have elicited information that would link Mr. Hynes to any alleged wrongdoing. Plaintiff has also been granted leave to depose a thirteenth witness, who was one of plaintiff's accusers. Approximately 50,000 pages of documents have been exchanged in this action, the vast majority of which has been produced by the non-party KCDA, including email and other internal communications relating to both prosecutions.

Still, plaintiff has failed to explain why this extensive discovery has not provided him with ample alternative sources of proof or to identify the unique, noncumulative information that he hopes to obtain from Mr. Litwin. Plaintiff acknowledges that Mr. Litwin, an NYPD detective, did not have any direct contact or communications with Mr. Hynes. (Trans. of Oct. 13, 2022 conference at 32). There is therefore no reason to believe that Mr. Litwin has any first-hand knowledge of any relevant matter. Mr. Litwin's testimony would be duplicative, cumulative, and burdensome, while eliciting no facts that might bear on plaintiff's claims that are not already known. The preparation and attendance at yet another deposition would pose a burden on defense counsel as well as the witness, who will be called upon to refresh his recollection as to events that took place as long ago as 2008, while yielding little, if any, likely benefit.

Additionally, knowing that he intended to exceed the presumptive ten-deposition limit, plaintiff failed to rank and conduct the depositions in order of priority. See Galgano v. County of Putnam, 16-cv-3572 (KMK) (PED), 2021 U.S. Dist. LEXIS 99702, at *6 (S.D.N.Y. May 26, 2021). Indeed, plaintiff contends that, in his view, Litwin is a "considerably more important witness than Lonuzzi," whose deposition he previously conducted and contends that he wishes to question Litwin concerning "matters of central relevance to this case." (Motion at 1). This failure is at odds with Rule 30(a)(2)(A)(i)'s objective of promoting a cost-effective approach to discovery. See Galgano, 2021 U.S. Dist. LEXIS 99702, at *6 (denying leave to conduct more than ten depositions).

For the above reasons, the Court should deny leave to conduct this fourteenth deposition. Alternatively, if the Courts permits plaintiff to conduct a deposition of Mr. Litwin at all, plaintiff's request for four hours of questioning is excessive in light of Mr. Litwin's lack of a role in plaintiff's prosecution and contact with Mr. Hynes, as well as the extensive discovery related to internal communications within the KCDA that plaintiff has already taken. The Court has recognized that a deposition of Mr. Litwin, if any, would be "in a limited scope." Defendants ask that plaintiff be limited to no more than one hour of questioning limited to Mr. Litwin' specific knowledge, if any, of Mr. Hynes' alleged participation in efforts to prevent Lebovits sexual assault victims from testifying against Mr. Lebovits at trial, for which an hour of questioning should suffice.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

cc:  Counsel of record *(by ECF)*