THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***sscharfs@law.nyc.gov***

January 6, 2023

Honorable Marcia M. Henry *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17-cv-01268 (MKB) (MMH)

Dear Magistrate Judge Henry:

I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants in the above-referenced matter. I write with regard to the deposition of plaintiff to take place in this matter, for which the Court has set a January 30, 2023 deadline. For the reasons below, defendants ask that the Court allow defendants to conduct the deposition on two dates – January 25, 2022, and January 30, 2023 – and to allow defendants to exceed the presumptive seven-hour limit for plaintiff's deposition by four hours. Plaintiff's counsel has advised that he does not consent to these requests and will agree only to a deposition of seven hours of questioning of plaintiff on a record on a single date.

The reason for these requests is, first, that the parties have encountered scheduling difficulties for which plaintiff's counsel will not agree to a reasonable accommodation. Defendants have offered three dates for the deposition, namely, January 25, January 27, and January 30. On December 19, 2022, plaintiff's counsel agreed in an email message to commence the deposition at 9:30 a.m. on January 25, 2023. Plaintiff's counsel then advised that he had another matter scheduled for the morning of January 25, and could not commit to starting the deposition before 11:00 a.m.[1] Counsel has also advised that he is not available for the deposition on January 27, even for a continuation that would end early enough on a Friday to avoid a conflict with plaintiff's religious observance. Defendants are reluctant to wait until January 30, to commence the deposition, as it is

[1] Plaintiff's counsel wishes to have a flexible starting time on January 25, 2023. Although he has agreed to start no later than 11:00 a.m., he has advised that he may learn at a later date that he may become available to start earlier. Defendants cannot afford him that flexibility because of the need to commit the time in advance to other matters. Nor can defendants' counsel continue the deposition well into the evening in order to accommodate the need of plaintiff's counsel for a late starting time.

the last day permitted by the Court's schedule, and any application to continue the deposition on another date, if necessary, could be viewed as untimely. Further, as the Court's schedule requires that all depositions to be conducted by defendants are to be completed by March 2, 2023 – all of which will be depositions of non-parties who may have their own scheduling issues – defendants do not wish to delay in completing plaintiff's deposition. For these reasons, defendants ask that the Court allow them to commence the deposition on January 25, 2023, and complete the deposition on January 30, 2023.

Moreover, defendants ask that they be permitted up to an additional four hours of questioning of plaintiff on a record beyond the presumptive limit of seven hours set by Rule 30(d)(1). Rule 30(d)(1) stipulates that the court must allow additional time consistent with Rule 26(b)(1) and (2) if needed, inter alia, to fairly examine the deponent. Defendants submit that, in the scope and circumstances of this matter, additional time in which to question plaintiff is proportional to the needs of the case, the issues at stake – involving allegations of malicious prosecution against a former District Attorney who can no longer speak in his own defense – the relative access to relevant information, the importance of the discovery in resolving the issues, and the fact that the burden and expense of the additional time does not outweigh its likely benefit. See Rule 26(b)(1). These factors all favor the Court's extending the length of plaintiff's deposition. See Rule 26(b)(2)(A).

As communicated to the Court during the last conference, defendants have attempted to craft their discovery plan to make efficient use of the parties' time and resources and hope to streamline their deposition discovery by sequencing their depositions in order of importance and in consideration of the potential that fewer depositions will ultimately be needed. They wish to conduct plaintiff's deposition first, as plaintiff should be knowledgeable not only about the course of his own prosecution on charges of conspiracy, grand larceny, perjury, and criminal solicitation, but also about the other matters that plaintiff has placed in issue, such as the allegedly related matters of his son's complaint against Baruch Lebovits for sex crimes, his involvement with the Lebovits family and their representatives, associates, and acquaintances, the sexual assault victims and their families, representatives, associates, and acquaintances, witness "tampering" of one of more sexual assault victims, the members of the Kings County District Attorney's office and the NYPD with whom he interacted, his interactions with members of the community in Brooklyn, and his damages. As plaintiff has acknowledged, the underlying matter out of which plaintiff's claims arise is complex, involving many direct and indirect interactions and witnesses, assistant district attorneys, and sexual assault complainants, and serious allegations of conspiracy and perjury, and it also took place during the tenure of two different District Attorneys. It also attracted substantial media attention and the attention of the community in Brooklyn. According to plaintiff, the prosecutions of two other individuals, Mr. Lebovits and, another individual, Simon Taub, were interrelated. In addition to the broad scope of the subject matter of the complaint, the prosecution was lengthy, spanning approximately two and one-half years. It is also possible that a full and fair examination of plaintiff will avoid the need for defendants to conduct one or more other depositions.

As the Court is aware, plaintiff has himself taken the position that, in order to have fair discovery, he has needed to exceed the presumptive limits on depositions under the Federal Rules, that is, by conducting four additional depositions beyond the presumptive limit of ten depositions citing, among other things, the complexity of the case, the many actors involved, and the

interrelated prosecution of Mr. Lebovits.[2] All of the depositions conducted by plaintiff have taken the time and resources of non-parties. Plaintiff has also sought production of approximately 50,000 pages of documents and audiovisual materials from the non-party KCDA. Not only do defendants anticipate taking far fewer depositions than plaintiff (as well as having sought far less in terms of document discovery), but plaintiff is the sole deponent who is a party to this action – and the party who, in fact, initiated this civil action for damages – and the most critical witness in this matter. Notwithstanding his self-serving position with regard to his own discovery plan, plaintiff seeks to deny defendants any concession beyond the presumptive limits. Viewed fairly, however, defendants submit that it would be inequitable to deny them the opportunity to exceed the presumptive seven-hour limit and to take the deposition on two dates, which would be reasonable for all participants and at the same time, accommodate the scheduling needs of plaintiff's counsel, and potentially prove less expensive and burdensome for both sides.

For the above reasons, defendants ask that the Court allow the deposition of plaintiff to (i) commence on January 25, and continue on January 30, until completed, and (ii) exceed the seven-hour limit by up to four hours.

Thank you for your time and attention to the above.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

cc: Counsel of record *(by ECF)*

[2] The depositions conducted by plaintiff have encompassed nine depositions of nine current or former members of the KCDA, including assistant district attorneys assigned to both the Sex Crimes and Rackets Bureaus, as well as executive-level staff members and others who reported to and interfaced with DA Hynes, who were involved in the prosecutions of Mr. Lebovits and plaintiff, a KCDA detective-investigator who investigated the matter that led to plaintiff's prosecution, a KCDA liaison to the Jewish community in Brooklyn, two of Mr. Lebovits's defense attorneys, an attorney who represented one of Lebovits' alleged sexual assault victims, one of plaintiff's accusers, and an NYPD detective who was involved in an investigation of the Lebovits sex crimes case.