# THE LAW OFFICE OF
# NIALL MACGIOLLABHUÍ

171 Madison Avenue, Suite 305
New York, New York 10016
T: 646-850-7516
F: 347-620-1395
niallmacg@macglaw.com

January 13, 2023

**VIA ECF**

Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Kellner v. City of New York, et al.**
              **Docket No. 17-cv-01268 (MKB) (MMH)**

Dear Judge Henry:

      I represent Plaintiff in the above matter and write in response to Defendants' motion by letter dated January 6, 2023, to permit Plaintiff's deposition to be conducted on January 25 and January 30, 2023, for up to eleven hours, thus exceeding the presumptive one-day, seven-hour limit set forth in Rule 30(d)(1). According to the letter, "Plaintiff's counsel has advised that he does not consent to these requests." In fact, I was never asked whether I would consent to more than seven hours for Plaintiff's deposition and, until the making of the motion, opposing counsel's stated position was that she was unwilling to conduct the deposition on January 30 (and wished instead to take the deposition of Plaintiff's wife that day). Had both requests been actually made of me, I would have consented.

      As stated in Defendants' letter, the parties scheduled Plaintiff's deposition last month for January 25, 2023. Defendants did not seek to conduct the deposition on more than one day nor they did seek to exceed the seven-hour presumptive limit. A few days after the deposition was scheduled, I became aware that a criminal case that is related to a case in which I am due to appear on January 18 had been scheduled for January 25. I advised opposing counsel that, while unlikely, it was possible I might have to appear on the morning of January 25 if my client's case is adjourned on January 18 to that date. By email on January 4, opposing counsel asked me to "clarify what time you will agree to start on January 25, and how many hours on the record you will agree to defendants' questioning of plaintiff." I suggested that we begin the deposition at 11 a.m. and stated that I would make Plaintiff available that day for the full seven hours. At no time did opposing counsel indicate that she wished to exceed the presumptive seven-hour limit. Instead, she asked to continue the deposition on January 27. I advised that I was

not available that day, having already indicated that I was available on January 30 (the only other date opposing counsel was available).  Opposing counsel was unwilling to conduct the deposition on January 30 because it is also the deadline for its completion.  She then asked me whether Plaintiff's wife was available to be deposed on January 30, after I accepted service of a subpoena on her behalf.  While I was waiting to hear back from Plaintiff's wife as to her availability on January 30, to my considerable bemusement, I received the present motion asking the Court to order the continuation of Plaintiff's deposition that day.

The present motion could have been avoided had the parties simply discussed the matter by contemporaneous means, in compliance with Local Rule 37.3(a)(1), which requires that, prior to seeking judicial resolution of a discovery dispute, "the attorneys for the affected parties … shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)."  Rule V.B.1(a) of this Court's Practice Rules further provides that "[f]ailure to comply with this requirement … will result in the denial of the motion."  Thus, the present motion must be denied.  Nonetheless, I still have no objection to Defendants' requests.  Plaintiff is available from noon onwards on January 30, to complete whatever remains of his deposition from January 25.

With regard to Defendants' other depositions, since January 30 is no longer available for Plaintiff's wife, I provided a list of alternative dates earlier this week on which she is available.  Opposing counsel has yet to choose one.  No other potential deponent has been identified by Defendants, despite a number of requests.  I have set aside dates in February to enable the completion of the remaining depositions by the March 3 deadline.  However, considering the depositions will be of non-parties, the onus is on Defendants to identify them in a timely manner, propose dates, and serve subpoenas (if necessary), to ensure that they are completed prior to the deadline.

I thank the Court for its attention to this matter.

Respectfully,

*Niall MacGiollabhuí*
Niall MacGiollabhuí

cc: Susan P. Scharfstein, Esq.