**THE LAW OFFICE OF**
**NIALL MACGIOLLABHUÍ**

171 Madison Avenue, Suite 305
New York, New York 10016
T: 646-850-7516
F: 347-620-1395
niallmacg@macglaw.com

January 31, 2023

**VIA ECF**

Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Kellner v. City of New York, et al.**
**Docket No. 17-cv-01268 (MKB) (MMH)**

Dear Judge Henry:

I represent Plaintiff in the above matter and write in response to Defendants' motion by letter dated January 31, 2023, to extend the current January 30, 2023 deadline to complete Plaintiff's deposition (and the current deadline of March 2, 2023, to complete all fact discovery) to March 31, 2023.

As indicated by opposing counsel, Plaintiff has consented to this request, even though he was already questioned for more than eleven hours on January 25 and January 30, 2023. The deposition concluded yesterday at Defendants' request shortly before 6 p.m., despite Plaintiff's willingness to continue. Opposing counsel's account of the progress of the deposition is partially accurate (Plaintiff gave two lengthy answers after being asked an almost identical question both days about the effect of his ordeal upon his health) and there appear to be a small number of documents that are not encompassed by the releases for medical and arrest records previously supplied by Plaintiff. However, the account omits a significant detail, which is that many of the questions from January 25 were repeated on January 30, with opposing counsel stating yesterday on the record that she couldn't recall all the questions that had already been asked on January 25. While I am agreeable to the deposition continuing into a third day, it should be confined to areas of inquiry not already addressed and limited in duration. Notwithstanding Defendants' insistence on punctilious compliance with the time limits imposed on Plaintiff's depositions, Plaintiff has shown flexibility over the two days of his deposition and allowed the questioning to continue beyond the court-ordered eleven-hour limit. Nonetheless, another three hours (making more than fourteen hours in total) is more than sufficient for Defendants to conclude their questioning of Plaintiff. If

Defendants' motion is granted, I would be obliged if the Court would limit the deposition accordingly.

With regard to Defendants' other depositions, those of Plaintiff's wife and Plaintiff's son (who is travelling from Canada) are scheduled for February 6 and 16, respectively. Defendants have further sought my deposition and that of my former colleague who also represented Plaintiff during his prosecution. I have accepted service of subpoenas and provisional dates after the upcoming conference with the Court have been scheduled subject to Plaintiff's objections to the appropriateness of either deposition. Since depositions of opposing counsel are disfavored in the Second Circuit and require, at a minimum, a showing of need, *see e.g., Ingenito v. Riri USA, Inc.*, No. 11-cv-2569 (MKB)(RLM), 2015 WL 9412541, (E.D.N.Y. Dec. 22, 2015), I have asked opposing counsel to articulate the need for either deposition. Opposing counsel responded that she first wished to question Plaintiff. That being so, I expect a substantive response in the next week. To the extent the parties are not in agreement, I will move for appropriate relief prior to the conference.

I thank the Court for its attention to this matter.

Respectfully,

Niall MacGiollabhuí

Niall MacGiollabhuí

cc: Susan P. Scharfstein, Esq.