THE LAW OFFICE OF
NIALL MACGIOLLABHUÍ

171 Madison Avenue, Suite 305
New York, New York 10016
T: 646-850-7516
F: 347-620-1395
niallmacg@macglaw.com

March 9, 2023

<u>VIA ECF</u>

Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: <u>Kellner v. City of New York, et al.</u>
       **Docket No. 17-cv-01268 (MKB) (MMH)**

Dear Judge Henry:

  I represent Plaintiff in the above matter. The parties submit this joint status report pursuant to the Court's order dated February 16, 2023. We have agreed that my deposition will take place on March 30, 2023, at 10 am. While we have not entirely resolved our dispute as to its appropriateness, we have nonetheless agreed to proceed with the deposition and address any potential issues if and as they arise in the course of the testimony. The parties' respective positions are set forth below.

  <u>Plaintiff's position:</u>

  Plaintiff's position proceeds from the premise that depositions of opposing counsel are disfavored in the Second Circuit and require, at a minimum, a showing of need. *See e.g., Ingenito v. Riri USA, Inc.*, No. 11-cv-2569 (MKB) (RLM), 2015 WL 9412541 (E.D.N.Y. Dec. 22, 2015). During the conference with the Court on February 16, 2023, counsel for the defendants stated that she wished to depose Michael. Dowd, Esq., along whom I represented Plaintiff during the course of his criminal prosecution, in connection with the following topics: (1) communications with the District Attorney's Office, (2) communications with other people in the community who might have had an interest in the case, and (3) when was he aware of certain events / when did certain information come to light. The Court subsequently instructed the parties to confer about my possible deposition and stated the following: "[I]f, Ms. Scharfstein, you can articulate the topics about which you want to depose Mr. MacGiollabhui as clearly as you did the topics about which you want to depose Mr. Dowd, I think that would be helpful to your meet and confer. That would allow Mr. MacGiollabhui to either agree that his deposition should go forward, or at the very least, if he plans to seek relief from the court, it would narrow the request,

because, again, think, Mr. MacGiollabhui, what you're objecting to is not necessarily being deposed overall." Opposing counsel has been unwilling to specify the topics for my deposition, stating the following by email: "My position is that I would be entitled to inquire as to any areas permitted by Rule 26, just as you did in the depositions that you took." Nonetheless, following a phone conversation on March 2, 2023, my understanding is that the topics to be covered at my deposition will be broadly the same as those indicated in respect of Mr. Dowd. That being so, I have agreed to proceed with the deposition and to address any issues that may arise at that time. I am hopeful there will be no such issues, since the parties have agreed that the questions will not touch upon privileged attorney-client communications nor upon attorney work product (*see Hickman v Taylor*, 329 U.S. 495 (1947)). While the first topic indicated by opposing counsel should be unproblematic, the other two may present work product concerns. *See e.g. Strauss v Credit Lyonnais, S.A.*, 242 F.R.D. 199, 231 (E.D.N.Y. 2007) ("How a party, its counsel and agents choose to prepare their case, the efforts they undertake, and the people they interview is not factual information to which an adversary is entitled." (citation omitted)). However, since any such concerns will be question-specific, we can address them as necessary if they arise at the deposition.

Defendants' position:

The parties have agreed that the deposition of Mr. MacGiollabhui will take place on March 30, beginning at 10:00 a.m., after the continued deposition of plaintiff on March 16, 2023, at 10:00 a.m., and the deposition of witness Michael Dowd on March 23, 2023, beginning at 10:00 a.m.

As I have advised plaintiff's counsel, defendants believe that they are entitled to question the attorney witnesses concerning non-privileged matters, as did Mr. MacGiollabhui when he deposed nine attorney witnesses, including two who were criminal defense counsel in the allegedly related prosecution of Baruch Lebovits. I anticipate that Mr. Dowd's deposition will cover, without limitation, the topics described by plaintiff above and discussed during the February 16, 2023 conference. I have advised Mr. MacGiollabhui that I anticipate that his deposition will likely, as a general matter and without limitation, cover the same topics. While I have followed the Court's guidance and attempted to identify general areas of questioning, Mr. MacGiollabhui agreed during the March 2, 2023 "meet and confer" that it would not be practical for me to articulate every topic or to offer every question for his preview in advance of the deposition.

Courts in this Circuit have recognized that all of the relevant factors must be considered to determine whether a party should depose an attorney, including the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation. See Ingenito v. Riri, USA, Inc., 11-2569 (MKB) (RLM), 2015 U.S. Dist. LEXIS 171728, (E.D.N.Y. Dec. 22, 2015) (citing In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003)). Here, Mr. MacGiollabhui is a percipient witness to facts and events that are directly related to plaintiff's claims in this lawsuit. Defendants in civil rights cases frequently have conducted the depositions of underlying criminal defense counsel where they may shed light on the underlying facts and circumstances and plaintiff's claims in the civil lawsuit. Not only is there good reason for

the deposition, but it may well be the only source of important information.  Plaintiff's deposition revealed that he was not a witness to all of the facts and circumstances surrounding his prosecution and, in some circumstances, did not testify about them at his own deposition because he had learned the facts through his counsel and regarded them as privileged.  Mr. MacGiollabhui has represented to the Court that plaintiff's other criminal defense attorney, Mr. Dowd, has limited memory.  The record also reflects that Mr. Dowd was not directly involved in many interactions and encounters – making the deposition of Mr. MacGiollabhui crucial.  Without belaboring an obvious point, plaintiff cannot shield defendants from otherwise discoverable information by retaining a fact witness to the underlying criminal prosecution as his attorney in this civil action for damages.

In conclusion, defendants are prepared to work constructively to resolve informally any issues that may arise during the deposition.

The parties thank the Court for its attention to this matter.

Respectfully,

*Niall MacGiollabhui*
Niall MacGiollabhuí

cc: Susan P. Scharfstein, Esq.