THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***sscharfs@law.nyc.gov***

March 20, 2023

Honorable Marcia M. Henry *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17-cv-01268 (NRM) (MMH)

Dear Magistrate Judge Henry:

I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants in the above-referenced matter. I write with reference to two discovery issues that have recently arisen in this action, namely, (i) the scheduling of the deposition of witness Michael Dowd, who is reportedly now unavailable on the Court-ordered date of March 23, 2023; and (ii) the improper instructions by plaintiff's counsel to his client not to answer fact-based questions during the March 16, 2023 session of plaintiff's deposition. Further, defendants respectfully request that the Court order plaintiff's criminal defense counsel (including plaintiff's counsel herein) to respond to fact-based questions at their upcoming depositions.

First, as the Court is aware, the Court has ordered the deposition of witness Michael Dowd to take place on March 23, 2023 (or on such other date during the week of March 20, 2023, as the witness was available), as set forth in the Court's February 16, 2023 Order. By way of the parties' March 9, 2023 joint submission, the parties represented that said deposition would be conducted on March 23, 2023, and the Court endorsed the schedule in the March 13, 2023 Order. Nevertheless, late this past Friday, March 17, 2023, plaintiff's counsel sent an email message informing me that he had been unable to confirm the date with the witness before the March 9, 2023 submission and has since learned that Mr. Dowd does not plan to appear on the Court-ordered and confirmed date of March 23, 2023, because of a health problem. Plaintiff's counsel has further advised that Mr. Dowd is expected to be unavailable at least through the end of this month and that counsel would be willing to request that the Court extend the discovery schedule for the purpose of the deposition. Defendants assume that such a request will be made so that Mr. Dowd need not appear on the Court-ordered date. Despite the last-minute notice, defendants will not oppose such a request on the condition that, in light of the Passover holiday and other scheduling issues, the deposition is rescheduled for a date in late April that defendants' counsel is available.

Second, during plaintiff's deposition, defendants asked several questions that were expressly and solely directed to plaintiff's knowledge of certain facts and that did not implicate plaintiff's confidential communications with his counsel.[1] Plaintiff's counsel nonetheless directed his client not to answer the questions, asserting that plaintiff had learned the facts through his counsel and that the "black letter law" established that the facts were therefore protected attorney-client communications. At the time of the deposition, defendants provided plaintiff with commentary and case law that applies specifically to deposition testimony, differentiates facts (whether or not learned from counsel) from attorney-client communications, and states that facts learned from counsel or any other source are not protected by privilege. See https://www.mcguirewoods.com/Client-Resources/Privilege-Ethics/Privilege-Points/2003/6/TheAttorneyClientPrivilegeProtectsCommunicationsNotFacts (citing Henry v. Champlain Enters., 212 F.R.D. 73, 91 (N.D.N.Y. 2003) (while a questioner cannot directly ask what clients discussed with their lawyers, "the privileges do not protect the client's knowledge of the relevant facts, whether they were learned from counsel or facts learned from an attorney from independent sources.")).

In Henry, opposing counsel sought to inquire into the factual bases for plaintiffs' complaint at their depositions. Plaintiffs' counsel invoked the attorney-client privilege and instructed his clients not to answer questions concerning the factual allegations of the complaint to the extent that the information was learned from their counsel. Henry rejected that position. 212 F.R.D. at 91. Rather, Henry held that, consistent with the longstanding principle that the privilege protects only confidential communications for the purposes of legal advice and legal theories and strategies, neither the attorney-client privilege nor the work product doctrine protects from disclosure facts that a client has learned, even if from a lawyer. See 212 F.R.D. at 91 (citing cases).[2]

Despite defendants' effort to confer in good faith, plaintiff maintains that deposition witnesses are not required to respond to questions concerning matters of pure fact. Counsel responded to defendants' request for legal authority to support his position with commentary – and case law decided under the New York State CPLR – that, while acknowledging that the witness's knowledge of facts may be elicited in deposition testimony, focuses instead on the discoverability of documents containing legal advice or analysis. That material reflects no more than that documents consisting of attorney-client communications for the purpose of giving legal advice are privileged and are not discoverable notwithstanding that they contain some references to facts. Plaintiff has also taken the position that the facts as to which defendants' counsel had inquired were protected by the work product doctrine, alleging

---

[1] Some such questions went to factual matters that are referenced in the Amended Complaint, media articles, or other publicly-available documents (e.g., "Who were your alleged co-conspirators?" or "Was a listening device placed in your vehicle?").

[2] Although Henry recognizes that a deposition questioner would not be permitted to ask opposing counsel directly what facts he had uncovered in his investigation or other questions concerning his thinking or strategies, see 212 F.R.D. at 91, those types of inquiries are not at issue here.

that counsel had learned such facts in the course of reviewing documents that had been produced by the Kings County District Attorney's office during this litigation.

Yet other courts – in addition to Henry – have recognized that witnesses must respond to deposition questions crafted to elicit the factual basis behind plaintiffs' allegations over objections based on both the attorney-client privilege and the work product doctrine. See, e.g., In re Six Grand Jury Witnesses, 979 F.2d 939, 945 (2d Cir. 1992), cert. denied, 509 U.S. 905 (1993) ("factual information is not protected just because it was developed in anticipation of the litigation."); Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 93-cv-6876; 94-cv-1317(KMW), 1995 U.S. Dist. LEXIS 14808, at *28 (S.D.N.Y. Oct. 11, 1995) ("A fact is discoverable regardless of how a deponent came to possess it.") (citing cases); Standard Chartered Bank v. Ayala Int'l Holdings, 111 F.R.D. 76, 80 (S.D.N.Y. 1986) (privilege does not protect facts which an attorney obtained from independent sources and conveyed to his client); Allen v. West-Point Pepperell, 848 F. Supp. 423, 428 (S.D.N.Y. 1994) (plaintiffs and their counsel must disclose all facts of which they are aware at all times relevant to the action, whether or not the facts were communicated to counsel or were learned by plaintiffs from counsel).

Indeed, courts have distinguished between confidential communications between attorney and client containing legal advice, which are privileged, and the underlying facts, which are not privileged, even if communicated between attorney and client. See, e.g., Toyo Tire & Rubber v. Atturo Tire, 2016 U.S. Dist. LEXIS 72756, at **6-7 (N.D. Ill. June 3, 2016) (facts are not protected by attorney-client privilege; the underlying facts communicated between an attorney and a client can be discovered through depositions or other discovery techniques) (citing Upjohn v. United States, 449 U.S. 383, 395-96 (1981) ("A fact is one thing and a communication concerning that fact is an entirely different thing.")); Tribune Co. v. Purcigliotti, 93-cv-7222 (LAP) (THK), 1997 U.S. Dist. LEXIS 228, at *21 (S.D.N.Y. Jan. 10, 1997) (privileges do not protect the client's knowledge of the relevant facts, whether they were learned from counsel or facts learned from an attorney from independent sources) (citations omitted)). Nor are facts protected by the work-product doctrine, as work product protects only materials prepared by an attorney in anticipation of litigation or an attorney's mental impressions, conclusions, opinions, or legal theories. See, e.g., Fed. R. Civ. P. 26(b)(3); In re Six Grand Jury Witnesses, 979 F.2d at 944. As plaintiff cannot meet his burden to show that a privilege applies, as he must, see, e.g., Bank Brussels Lambert 1995 U.S. Dist. LEXIS 14808, at *29, his argument should be rejected and the witnesses should be required to respond to deposition questions concerning their knowledge of the facts.

Defendants anticipate that plaintiff's counsel may take the position in the upcoming depositions (which are set for March 23, 2023 (if not ordered adjourned by the Court), and March 30, 2023), that facts are not discoverable because of how the witnesses may have learned them. Defendants are concerned that, if this occurs, they will effectively be denied testimony to which they are entitled or, alternatively, will have no choice but to inconvenience the Court by contacting it during the deposition or hold open the deposition to a later date if the Court is unavailable. Accordingly, in advance of the depositions, defendants request a ruling that facts within the knowledge of the deposition witnesses (and related information that do not go to attorney-client communications, such as when the facts were known to the witnesses) are discoverable and are permissible deposition topics.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

cc: Counsel of record *(by ECF)*