**THE LAW OFFICE OF**
**NIALL MACGIOLLABHUÍ**

171 Madison Avenue, Suite 305
New York, New York 10016
T: 646-850-7516
F: 347-620-1395
niallmacg@macglaw.com

March 21, 2023

**VIA ECF**

Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Kellner v. City of New York, et al.**
**Docket No. 17-cv-01268 (NRM) (MMH)**

Dear Judge Henry:

I represent Plaintiff in the above matter and write in response to Defendants' letter dated March 20, 2023, in respect of the two issues raised therein, namely Mr. Dowd's deposition, and Defendants' request that the Court issue an Order requiring counsel who represented Plaintiff during his prosecution (including present counsel) to answer what Defendants describe as "fact-based questions" at their respective depositions.

Mr. Dowd (who is in his eighties) is presently dealing with a number of health issues. These issues were brought to the attention of Defendants before present counsel accepted service of a subpoena on Mr. Dowd's behalf and mentioned by opposing counsel during the conference with the Court on February 16, 2023. On March 7, Mr. Dowd underwent spinal surgery. On March 17, he advised me that he is currently in a rehabilitation facility and thus unable to proceed with his deposition on March 23. He expects to be released by the end of the month. I immediately advised opposing counsel and asked how she wished to proceed, stating that I was agreeable either "with switching my deposition date [March 30] with that of Mr. Dowd or with asking the Court to extend the discovery deadline." Defendants did not respond to my email. Based on their letter to the Court, they are seemingly uninterested in the first option. That being so, Mr. Dowd would be greatly obliged if the Court would excuse his deposition appearance on March 23, 2023, and allow him to appear instead on a date subsequent to his anticipated release later this month from the rehabilitation facility.

With regard to Defendants' request for the aforementioned Order, present counsel interposed a number of objections during Plaintiff's deposition on the basis that

the information sought by the particular question was protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendants specify two of the questions. The first question, which was posed on January 30, 2023, sought the names of Plaintiff's alleged co-conspirators after Plaintiff testified that he learned their names as follows: "My lawyer told me." The persons in question were not named in Plaintiff's indictment, and the King County District Attorney's Office ("KCDA") took the position that their identities could be found within the discovery material provided to the defense. Defense counsel examined the material in 2011 and communicated to Plaintiff the results of that examination. This communication, including the factual information it contained, is clearly privileged. In response to the objection, opposing counsel asked Plaintiff for his knowledge of the alleged co-conspirator's names independent of his communication with counsel and Plaintiff duly named them. The second question to Plaintiff specified by Defendants is whether a listening device was placed in his vehicle. This was not the question at issue (Plaintiff answered affirmatively), but rather the follow-up question, posed on February 16, 2023, which sought the identity of the person(s) responsible for installing the device. In 2014, after former DA Hynes lost his bid for reelection and the charges against Plaintiff were dismissed, a person named Joe Levin claimed in an article published by *The New Yorker* to have been involved. He was subsequently interviewed by the KCDA as part of a wider investigation. In April 2022, material related to this investigation was disclosed by the KCDA to the parties herein pursuant to subpoena. Afterwards, I discussed my impressions of what the discovery revealed in respect of the listening device in his vehicle with Plaintiff. Again, this communication, including the factual information it contained, is clearly privileged. The propriety of the objection was contested by opposing counsel during the deposition and we agreed to address it further once the deposition concluded.

Following the deposition, I stated my position on behalf of Plaintiff as follows: "The communication in question happened following my review of discovery in our case from the DA's office. It's unquestionably privileged, as an attorney-client communication and on work-product grounds." I also cited *Spectrum Sys. Int'l Corp. v. Chem. Ban*k, 78 N.Y.2d 371 (1991), for its analysis of the former ground, noting that, "[a]lthough a state court case, 2nd Circuit federal law as to when factual information within a communication by an attorney to a client is protected under attorney-client privilege is no different as far as I'm aware." According to Defendants' letter, "plaintiff maintains that deposition witnesses are not required to respond to questions concerning matters of pure fact." No such claim has been made. Instead, Plaintiff's position is that, depending on the circumstances, factual information contained within an attorney-client communication may be privileged and factual information may also be protected on work-product grounds. It is a question-specific inquiry. Defendants' categorical position to the contrary is not even supported by the authorities upon which they rely. *See, e.g., Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 92 (N.D.N.Y. 2003) ("Because the inquiries were posed in different forms and contexts, the Court cannot issue an order that would cover all of the contested inquiries."). Indeed, the improper nature of the sweeping Order sought by Defendants is starkly illustrated by the question that prompted the request. The parties received the same material from the KCDA in April 2022. Present counsel analyzed the material and communicated with Plaintiff. Defendants sought the benefit of that analysis, even though they were already in possession of the same underlying factual information upon which the analysis was based. I properly

interposed an objection to the question and reserve the right to continue to interpose proper objections to questions that seek privileged material, even if it includes factual information. Any disputes that arise at the upcoming depositions can be addressed in accordance with this Court's Practice Rules. The Court should therefore deny Defendants' request.

I thank the Court for its attention to these matters.

Respectfully,

Niall MacGiollabhuí

cc: Susan P. Scharfstein, Esq.