THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***sscharfs@law.nyc.gov***

April 26, 2023

Honorable Marcia M. Henry *(by ECF)*
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17-cv-01268 (NRM) (MMH)

Dear Magistrate Judge Henry:

I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants in this matter. I write with reference to the deposition of witness Michael Dowd, who did not appear for his April 26, 2023 deposition that was to take place pursuant to subpoena and by Order of this Court.[1]

Defendants served a subpoena for the Dowd deposition on January 26, 2023. Counsel for plaintiff, who has confirmed that he represents the witness, agreed to accept the subpoena on the witness's behalf. By agreement with counsel, the deposition was to take place on February 23, 2023, beginning at 10:00 a.m. Counsel subsequently advised that the witness had health problems that prevented him from appearing on that date. On February 16, 2023, the Court granted the witness an extension of time to appear and ordered that the deposition was to be completed on March 23, 2023, or, if necessary, on another date during the week of March 20, 2023. During the February 16, 2023 conference, plaintiff's counsel stated that he was agreed and it was confirmed that all further depositions in the case would commence no later than 10:00 a.m. The parties' March 9, 2023 joint letter to the Court also confirmed that the deposition would take place on March 23, 2023, beginning at 10:00 a.m. In a March 13, 2023 Order, the Court reiterated that the schedule would remain in place.

In a subsequent Order dated March 23, 2023, the Court again excused Mr. Dowd from the scheduled date and extended the discovery schedule, as a result of plaintiff's counsel's

[1] As the Court is aware, counsel for plaintiff,, who also represents the witness, called the Court at the time of the deposition to report that he had failed to produce his client. While defendants were present for the call, they did not initiate the call, as they did not believe that the Court could offer any meaningful remedy at that time.

representation that the witness required an accommodation for his health.[2] The Court then directed that the witness be deposed within thirty days of his departure from a rehabilitation facility and, in any event, no later than April 30, 2023. According to the Order, the parties were to confer in good faith to select a mutually agreeable date that would not conflict with the witness' medical treatment.

A "meet and confer" took place on March 30, 2023. At that time, counsel agreed that the Dowd deposition would take place on April 26, 2023, beginning at 10:00 a.m. Among other things, counsel for the parties discussed that it appeared most practical to schedule the deposition later rather than sooner during the period allowed by the Court to allow Mr. Dowd as much time as possible to regain his health and avoid to the extent possible any further scheduling issues. At that time, I advised opposing counsel that I intended to hold that date, but that I would be unavailable on other dates that week, as I had previously-scheduled commitments on certain dates, including April 27, 2023, and was, in any event, unable to hold multiple dates for a one-day deposition. On March 31, 2023, plaintiff's counsel informed me in writing that he had spoken with Mr. Dowd, had learned that Mr. Dowd had been released from the rehabilitation facility, and that the deposition would take place on April 26, 2023.

Aware that I would have limited availability during the business days before the deposition, and as a courtesy, I reached out to plaintiff's counsel by email at approximately 8:30 a.m. on April 21, 2023, to confirm that I intended to proceed with the deposition as scheduled on April 26, 2023, at 10:00 a.m. On the evening of April 21, 2023, I received communications from plaintiff's counsel indicating that Mr. Dowd would not be available for the deposition on April 26, 2023, because he had scheduled other business on that date. Counsel stated that the witness could make himself available instead on April 27, 2023. The following afternoon, plaintiff's counsel informed me that Mr. Dowd would make himself available on April 26, 2023, at 3:00 p.m. and at certain times on April 27 and 28, 2023. Counsel also informed me for the first time that the witness had physical therapy at noon most days and needed time thereafter to rest, and he was unable to sit for a deposition for more than a few hours a day. Accordingly, plaintiff's counsel proposed that I attempt to complete the deposition in two to three hours beginning at 3:00 p.m. on April 26, 2023, and continue the deposition if needed on other dates. On April 25, 2023, at approximately 12:30 p.m., plaintiff's counsel sent an email demanding that I make myself available to "meet and confer" that day, which I was unable to do.

Regrettably, counsel did not make his client, Mr. Dowd, available for his deposition on April 26, 2023, at 10:00 a.m., as previously agreed, or timely attempt to make alternative arrangements, notwithstanding that he was well aware that the deposition was scheduled nearly a month ago in late March. I was first informed of Mr. Dowd's scheduling conflict on the evening of April 21, 2023, in a message that I did not receive until April 24, 2023,

---

[2] Plaintiff's counsel first informed me by sending an email message late on March 17, 2023, advising that he had been unable to confirm the date with the witness before the March 9, 2023 submission and had since learned that Mr. Dowd did not plan to appear on the Court-ordered and confirmed date of March 23, 2023. Plaintiff's counsel has further advised that Mr. Dowd was expected to be unavailable at least through the end of March and that counsel intended to request that the Court extend the discovery schedule for the purpose of the deposition. Despite the last-minute notice, as a courtesy, defendants did not oppose the request that Mr. Dowd be excused from appearing on the Court-ordered date.

a mere two business days before the deposition, and only in response to my message confirming that I intended to proceed as scheduled. I have received no explanation as to why the witness did not seek an adjournment of his conflicting commitment on the grounds that he was under subpoena and Court Order to appear to testify in this case. I was not made aware of Mr. Dowd's purported inability to sit for more than several hours at a time or any other limitations that Mr. Dowd might have at any time prior to the late afternoon of Monday, April 24 2023, less than two business days before the deposition was to take place. Had this issue been timely raised, it likely would have been possible to arrange to commence the deposition earlier to allow the witness a mid-day break. It is unclear why the witness's health problems prevented him from appearing for morning and afternoon sessions on April 26, 2023, but not on April 27, 2023.

Mr. Dowd and his counsel well knew that, pursuant to subpoena and Court Order, Mr. Dowd was obligated to appear for the deposition as scheduled on April 26, 2023. Both also were well aware that the Court had already granted Mr. Dowd several lengthy extensions of time in which to appear. The Court's Orders extending the witness additional time were based on the witness's reported health problems and not on any conflict with other business. The witness, an attorney, who was no doubt aware of the courtesies that had been extended to him and his obligation to appear, nevertheless failed to appear on the scheduled date of April 26, 2023. He neither timely requested my consent to an adjournment nor moved for a protective order from the Court. Nor did he provide any advance notice to defendants that he wished an accommodation that would require defendants to conduct the deposition on multiple dates with the attendant burdens of preparing for multiple deposition sessions and paying multiple court reporter appearance fees.

In any event, the undersigned is at present addressing a family health problem that is anticipated to take at least several weeks to resolve and may conflict with a newly scheduled date. In light of these considerations, and recognizing that they were not before the Court at the time of the April 27, 2023 Order, defendants ask that they be permitted to reschedule the deposition for a single date after the current date of May 1, 2023 set forth in that Order, to take place on either May 23, 2023, or on such other date as soon as possible thereafter as defendants can be available, beginning at 10:00 a.m. While defendants are not opposed to reasonable breaks to accommodate the witness's health issues, defendants wish to be assured that they will not be prejudiced as a result. If the witness cannot proceed in this manner, defendants ask that he be required to show cause at least one week in advance, including but not limited to providing medical documentation to substantiate his inability to appear.

Thank you for your time and attention to the above.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

cc: Counsel of record *(by ECF)*