# THE LAW OFFICE OF
# NIALL MACGIOLLABHUÍ

171 Madison Avenue, Suite 305<br>
New York, New York 10016<br>
T: 646-850-7516<br>
F: 347-620-1395<br>
niallmacg@macglaw.com

September 12, 2023

<u>**VIA ECF**</u>

Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    <u>Kellner v. City of New York, et al.</u>
                 **Docket No. 17-cv-01268 (NRM) (MMH)**

Dear Judge Morrison:

        I represent Plaintiff in the above matter and write with regard to Defendants' recent request for a pre-Rule 56 motion conference, which was filed along with a Local Rule 56.1 Statement (the "Statement") pursuant to Rule 5.1.2.2 of this Court's Individual Practice Rules. *See* Dkt. Nos. 80-81.

        According to footnote 2 of the Statement, "exhibits referenced herein are annexed to the Declaration of Susan P. Scharfstein in support of defendants' motion for summary judgment dated October 2, 2020." The purported exhibits consist primarily of excerpts from deposition testimony, and the references in the Statement include page and line numbers. However, at least one of the page number citations is incorrect (the first one I checked). The other exhibits are mainly documents produced during discovery (most of which are identifiable from their descriptions in the Statement) and emails (some of which, described as "emails among" various people on certain dates, are difficult to precisely identify). I asked counsel for Defendants for a copy of her declaration and exhibits and was informed that, notwithstanding the (mistaken) date in the Statement, they had not yet been actually prepared and were therefore unavailable. The issue for Plaintiff is that while Defendants have sought a pre-motion conference, he must nonetheless respond formally to the Statement and cannot do so properly without knowing the exact identity of all the cited materials referenced therein. Plaintiff wishes to avoid a situation in which he addresses material cited by Defendants in support of a specific asserted fact that turns out to be different to what believed it to be (because the citation is incorrect or inexact or otherwise unclear).

Accordingly, Plaintiff would be greatly obliged for the Court's guidance; in particular, as to whether Defendants must provide him with a copy of opposing counsel's declaration (albeit it does not yet exist) and the exhibits referenced in the Statement.

I thank the Court for its attention to this matter.

Respectfully,

*Niall MacGiollabhuí*
Niall MacGiollabhuí

cc: Susan P. Scharfstein, Esq.