THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Susan P. Scharfstein**
***Special Federal Litigation Division***
***212-356-2355***
***sscharfs@law.nyc.gov***

November 3, 2023

Honorable Nina R. Morrison *(by ECF)*
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Kellner v. City of New York, et al., 17-cv-01268 (NRM) (MMH)

Dear Judge Morrison:

I am an attorney in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants City and the Estate of Charles J. Hynes. I write with reference to the Court's September 13, 2023 Order denying, without prejudice to renew, defendants' request for a pre-motion conference in connection with their anticipated motion for summary judgment pursuant to Rule 56 once defendants confirmed that their citations to the record were accurate and had provided plaintiff's counsel access to the exhibits cited in their filing.[1] As set forth below, defendants have fully complied with the Order and are filing their pre-motion letter and Local Civil Rule 56.1 Statement today.

Based on conferrals with plaintiff's counsel, I learned that plaintiff's counsel was mistaken when he stated that a page number citation in defendants' Rule 56.1 Statement was incorrect. Rather, I learned for the first time on October 31, 2023, that plaintiff's counsel believed that the citation was incorrect because he has different versions of a number of the deposition transcripts of non-party witnesses than defendants. In fact, plaintiff's counsel requested that the reporters make revisions to the transcripts after defendants had purchased the transcripts from the reporters. No notice had been given to defendants that revisions to the deposition transcripts were being contemplated or had been made. The communications concerning the changes were solely as between plaintiff's counsel and the court reporting services. Additionally, plaintiff's counsel had in his possession errata sheets provided by the non-parties that had not been disclosed to defendants until several days ago. The "revised" transcripts and the errata sheets therefore were not available to defendants at the time that they

[1] Defendants have reviewed and confirmed the accuracy of the citations to the record in their Rule 56.1 Statement and have made few minor edits to the document, none of which could affect either the substance of their contentions or plaintiff's ability to locate the relevant portions of the record and to respond to the document.

reviewed the extensive record in this case – consisting of 20 deposition transcripts and in excess of 50,000 pages of documents produced by the parties and the non-party district attorneys' office – for the purposes of preparing their pre-motion letter and Rule 56.1 Statement.[2] As of this time, defendants have not yet had an opportunity to compare the differences in the transcripts and do not wish to expend substantial resources by undertaking the substantial time and burden of doing so. Moreover, defendants should be permitted to rely on the original transcripts at this juncture.[3]

With regard to the exhibits cited in defendants' Rule 56.1 Statement, as set forth in the annexed letter, defendants have directed plaintiff to the locations of the exhibits in the record. I understand that plaintiff's counsel does not now contest that he has access to the exhibits. Further, defendants do not wish to provide copies of the exhibits at this stage, because it is unnecessary and would also be unnecessarily burdensome, time-consuming, and costly to assemble the exhibits and then review them thoroughly to redact all references to the identifying information of sexual assault victims as required by Civil Rights Law § 50-b. This is particularly so, where, as here, plaintiff has not yet made his submissions in response to defendants' letter and Rule 56.1 Statement and has also declined, in response to defendants' request to do so, to confer by identifying any evidence that could be used to counter summary judgment. Nor has the pre-motion conference taken place as of yet. In light of scarce resources, defendants wish to defer undertaking the substantial task of assembling and reviewing and redacting the exhibits until such time as it proves necessary to file moving papers.

Thank you for your time and attention to the above.

Respectfully submitted,

/s/Susan P. Scharfstein

Susan P. Scharfstein

cc: All counsel *(by ECF)*

---

[2] The sole exception was the deposition transcript of witness Friedman. Defendants learned of a revised transcript of the Friedman deposition when the reporting service timely forwarded a revised transcript and disclosed that plaintiff had requested changes to the transcript. Accordingly, defendants utilized the revised transcript in that instance. No timely notice was given to defendants of other altered transcripts, including the transcripts of witnesses Gregory and Batsidis, whose testimony is particularly critical to issues in this case. Defendants did not know of or rely on the belatedly-disclosed transcripts, and would object to doing so at this stage.

[3] Defendants' believe that they are entitled to rely on the record of which they were on notice at the close of discovery and at the time that they prepared their motion papers. If the Court were to decide that the parties should utilize alternate versions of the transcripts and the errata sheets, defendants would ask that the Court allow them, in light of the substantial nature of the task and other previously scheduled work commitments and intervening holidays, a period of 120 days in which to obtain the revised transcripts from the reporters, review the entire record again in its entirety, and prepare new pre-motion conference letter and Rule 56.1 Statement.