SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff,

v.

BARUCH LEBOVITS,

Defendant.

---------------------------------------------------------------------x

Indictment No. 2600/2008

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT BARUCH LEBOVITS' OMNIBUS MOTION

LAW OFFICES OF
LAWRENCE S. GOLDMAN
500 Fifth Avenue, 29th Floor
New York, NY 10110
Telephone 212-997-7499

AIDALA & BERTUNA
546 Fifth Avenue, 6th Floor
New York, NY 10036
Telephone 212-486-0011

Attorneys for Defendant
Baruch Lebovits

Of Counsel:

Elizabeth M. Johnson
Lawrence S. Goldman
Arthur L. Aidala

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff,

Indictment No. 2600/2008

v.

BARUCH LEBOVITS,

Defendant.

---------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT BARUCH LEBOVITS' OMNIBUS MOTION**

Defendant Baruch Lebovits submits this reply memorandum of law in further support of his omnibus motion seeking (1) dismissal of Counts 32 through 65 and 69 as time-barred, pursuant to CPL §30.10; (2) a hearing regarding the procedures utilized in a photographic identification of him; and (3) severance of Counts 66 and 68 from the remaining counts of the indictment, and in response to the prosecution's memorandum in opposition dated September 3, 2008 ("Opp. Memo").

**ARGUMENT**

POINT I

COUNTS 32 THROUGH 65 AND COUNT 69
MUST BE DISMISSED AS TIME-BARRED

Pursuant to CPL §30.10(2)(c), a misdemeanor prosecution must be brought within two years "after the commission thereof." The misdemeanors

charged in Counts 32-65 and 69 were committed over two years before Mr. Lebovits was initially charged in March 2008 – in fact, over three years had elapsed between the alleged commission of the most *recent* of the charged misdemeanors and the filing of charges against him. These counts are time-barred and should be dismissed pursuant to CPL §210.20(1)(f) and §30.10 as untimely.

The prosecution claims that the toll provided by CPL §30.10(3)(f) not only tolls the statute of limitations until the complainant's eighteenth birthday, but does so for five years thereafter since that is the applicable statute for the related felonies charged in the indictment. This argument – unsupported by statutory language, caselaw, any legislative history, logic or common sense – must be rejected. The statute simply states that:

> For purposes of a prosecution involving a sexual offense as defined in article one hundred thirty of the penal law, other than a sexual offense delineated in paragraph (a) of subdivision two of this section, committed against a child less than eighteen years of age, incest in the first, second or third degree as defined in sections 255.27, 255.26 and 255.25 of the penal law committed against a child less than eighteen years of age, or use of a child in a sexual performance as defined in section 263.05 of the penal law, the period of limitation shall not begin to run until the child has reached the age of eighteen or the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever occurs earlier.

The toll only applies to certain crimes, and nowhere does it modify the two-year statute of limitations for misdemeanors provided by CPL §30.10(2)(c).

The prosecution claims that, because CPL §30.10(3)(f) states that it applies to "a prosecution involving a sexual offense," the toll applies to every count in the indictment (which the defense does not dispute). The prosecution

then argues that the statute somehow displaces the two year statute provided in CPL §30.10(2)(c) because "the spirit of the law" should allow time- barred misdemeanors (even those not encompassed in Article 130 of the Penal Law, such as Count 69 charging a violation of PL §260.10(1)) to be prosecuted as long as there are also timely felony counts "involved." Opp. Memo at first unnumbered page. This argument is simply baseless. It is not consistent with the statutory language, with any case law, or any proffered legislative history. The "toll" is a toll, no more and no less, not a modification of the statute of limitations. Under the prosecution's theory, the statute of limitations of two years for misdemeanors would never apply if there were felony counts relating to the same conduct. Lastly, the claim that the defendant is "not prejudiced" by a time-barred misdemeanor charge is irrelevant as well as incorrect.

The Court should therefore dismiss Counts 32 through 65 and 69.

## POINT II

## A HEARING SHOULD BE ORDERED REGARDING THE IDENTIFICATION OF MR. LEBOVITS

Mr. Lebovits requested in his initial motion that this Court order a hearing to determine the constitutionality of the photographic identification procedure utilized in this case. United States v. Wade, 388 U.S. 128 (1967); Stovall v. Denno, 388 U.S. 293 (1967). Notice of the identification was provided pursuant to CPL§710.30(1)(b).

The prosecution argues that no Wade hearing is required because, based on unsworn assertions, it claims that the identification was made by a complainant with a prior relationship to Mr. Lebovits. Opp. Memo at third

unnumbered page. The nature of the relationship is not specified beyond the charges in the indictment, nor is there any indication of how recently, prior to the identification, the parties had seen one another. The prosecution does not controvert that, based on the papers filed in this case and the discovery materials, it appears that the last time Mr. Lebovits and the individual making the identification saw one another was over three years before the identification was made.[1] In the absence of any sworn statement that Mr. Lebovits was well known to the identifying complainant, or that such knowledge was based on contact more recent than three years ago, a Wade hearing should be ordered.

## POINT III

## COUNTS 66 AND 68 MUST BE SEVERED FROM THE REMAINING COUNTS OF THE INDICTMENT

In this indictment, two separate and dissimilar groups of crimes are charged in this indictment. One (Counts 66 and 68) involves a single incident that occurred shortly before the indictment. The second group (all other counts) involves a lengthy course of conduct regarding a different complainant that terminated over three years before the other crimes charged. The two groups are arguably joinable in one indictment only because they are "the same or similar in law," CPL §200.20(1)(c). Such joinders inevitably result in prejudice to the defendant and should be closely scrutinized. People v. Capitello, 139 Misc.2d 618, 528 N.Y.S.2d 263 (Co. Ct. Suffolk Co. 1988). That obvious

[1] By contrast, in the one case cited by the prosecution, People v. Tas, 51 N.Y.2d 915 (1980), the defendant and the complainants had been housed together for the entire month immediately proceeding the offense and a show –up conducted immediately thereafter. See People v. Jones, 69 A.D.2d 912, 415 N.Y.S.2d 124 (3d Dep't 1979), aff'd sub nom. People v. Tas, 51 N.Y.2d 915 (1980).

prejudice is no doubt why the prosecution chose to join the two disparate groups which were charged in two different instruments in the Criminal Court. Because the joinder of such dissimilar crimes is prejudicial to Mr. Lebovits and creates almost no increased judicial economy, the two groups of counts should be severed pursuant to CPL §200.20(3).

In People v. Shapiro, 50 N.Y.2d 747, 431 N.Y.S.2d 422 (1980), the Court of Appeals addressed a factual situation similar to that in this case. The defendant was charged with one group of crimes involving a lengthy course of sexual misconduct with minors, and a second group of crimes which occurred on a single evening separate in time from the charges in the first group. There were no witnesses, complainants or evidence common to both groups of counts. 50 N.Y.2d at 757. The Court of Appeals reversed the trial court's denial of a severance, finding that the joinder violated defendant's rights. Id. Here, as in Shapiro, joinder of all the counts in the indictment is necessary to eliminate "the inflammatory nature that the proof of each would almost inevitably exert on the other." Id.; see also People v. Jackson, 77 A.D.2d 630, 632, 430 N.Y.S.2d 126, 126, 128 (joinder of separate counts of sexual crimes against minors reversible abuse of discretion because of "egregious" potential for prejudice); People v. Pinkas, 156 A.D.2d 485, 548 N.Y.S.2d 767 (2d Dep't 1989) (abuse of discretion to join charges based on alleged sexual assaults that were separated by over a year and involved different minor complainants).

The prosecutor fails to even mention Shapiro in its opposition. Rather, it offers boilerplate arguments that joinder under CPL §200.20(1)(c) can be proper,

even in the case of "sexual crimes." Opp. Memo at sixth unnumbered page. None of the cases cited involve a fact pattern similar to that presented here or in Shapiro.[2] None involve crimes that are separated by several years. Nor does the prosecution establish any considerable savings of judicial or other resources in trying both groups of charges together. Should a severance be granted, it is unlikely either trial would be lengthy, nor would two separate trials take much more time and resources than a single trial of the entire indictment.

In order to avoid unnecessary and improper prejudice to Mr. Lebovits, Counts 66 and 68 should be severed from the remaining counts of the indictment.

## CONCLUSION

For all the reasons stated above, it is respectfully requested that Counts 32 through 65 and 69 be dismissed as time-barred; a hearing be ordered regarding the photographic identification of Mr. Lebovits; and Counts 66 and 68 be severed from the remaining counts of the indictment and separate trials ordered as to each group of counts.

Dated: New York, New York
September 10, 2008

Respectfully submitted,

LAW OFFICES OF
LAWRENCE S. GOLDMAN
500 Fifth Avenue, 29th Floor
New York, NY 10110
Telephone 212-997-7499

[2] The only cases cited by the prosecution that appear to involve sex crimes and underage complainants, People v. Groves, 137 A.D.2d 970, 550 N.Y.S.2d 451 (3d Dep't 1990) and People v. Casiano, 138 A.D.2d 892, 526 N.Y.S.2d 627 (1988), do not involve such dissimilar groups of crimes. Casiano is largely devoid of facts about the charged crimes; in Groves, the defendant was charged with two separate abductions and rapes of two separate complainants which were close in time, took place in the same location, and were otherwise factually similar.

AIDALA & BERTUNA
546 Fifth Avenue
New York, NY 10036
Telephone 212-486-0011

Attorneys for Defendant
Baruch Lebovits

Of Counsel:
Elizabeth M. Johnson
Lawrence S. Goldman
Arthur L. Aidala