# EXHIBIT 22

EXHIBIT
PLTF 26 2/23/22 (DS)
exhibitsticker.com

# MEMORANDUM

**TO:** Rhonnie Jaus

**FROM:** Miss Gregory

**DATE:** June 3, 2010

**SUBJECT:** People v. Baruch Lebovits, Indictment #s 2600/2008 + 11393/2008

---

The defendant, a known rabbi and travel agent in the Hasidic Community, has three separate sexual abuse cases involving three teenage boys.

On the afternoon of February 12, 2008, the complainant, [redacted], then a 16 year old boy; was with a friend when the defendant offered to drive the two home. Both boys accepted the ride. The CW [redacted]as in the front seat and his friend was in the back. The defendant dropped the friend of first. As the defendant drove he touched CW [redacted]s penis with his hand. CW [redacted]ld his parents the next day. The CW's father, Sam Kellner, contacted his Rabbi a few days later, and then a few days after that came to the DA's office and met with Henna White and ADA Chris Laline. The case was referred to the police and on March 5, 2008, the CW and his father met with Det. Steve Litwin, BSVS. The defendant was arrested on March 11, 2008.

Complainant [redacted] was sexually abused by the defendant when the CW was 12 – 16 years old, between 2000 and 2004. The defendant would put his penis in CW [redacted] anus and mouth and put his mouth on the CW's penis. This happened at a temple, the defendant's home, the defendant's office, and inside the defendant's car. CW [redacted] made somewhat of an outcry to his father and their Rabbi during the time of the abuse however the abuse was not reported to the police. CW T[redacted] was contacted by Sam Kellner after his son was abused by the defendant. Mr. Kellner arranged for CW [redacted] to speak with Det. Litwin which he did on March 6, 2008. The defendant was arrested for these charges on March 11, 2008 as well.

The defendant was indicted for both cases under the same indictment.

Defense attorneys, Arthur Aidala, Lawrence Goldman, and Elizabeth Johnson, made a motion to sever the complainants cases from each other. In October of 2008, Judge Mullen granted the defense motion and severed the cases.

Complainant [redacted] was sexually abused by the defendant when the CW was 16 years old, between 2004 and 2005. The defendant would ask CW [redacted] to take rides in the defendant's car in Boro Park. The defendant would park the car and put his mouth on the CW's penis. CW [redacted] never told anyone about the abuse. CW [redacted] was contacted by Sam Kellner. Mr. Kellner arranged for CW [redacted] to speak with Det. Litwin which he did on September 16, 2008.

Complainant [redacted] case was then superseded and indicted with complainant [redacted] case.

The defense attorneys again sought to sever the complainants' cases from each other. In October of 2009, Judge Gary granted the defense motion and severed the cases. The People filed a motion to reargue, which Judge Gary denied.

Complainant [redacted] has been cooperative with the case since March of 2008. It was my intention to try his case first. I met with him on November 4, 2009 informed him that the case had been set for trial for December 3, 2009. He told me that he had some travel plans but that he would be back in time to testify at the trial

Toward the end November of 2009, I was contacted by an attorney, John Lonuzzi. He informed me that he represented the complainant [redacted] [redacted] He further informed me that Mr. [redacted] would no longer be cooperating with the prosecution of the case. That the pressure of the case was causing severe issues for his client who is suffering from a variety of psychological issues. He added that if called to the stand his client would plead the fifth. Numerous attempts were made to speak with Mr. [redacted] and his attorney in person; however, the appointments were canceled. Mr. [redacted] ignored two subpoenas to appear in court as well as letter asking him and his father to come to speak with me.

It is my belief that Mr. [redacted]s decision to no longer cooperate with the case was caused by pressure from Hasidic Community. There is no evidence at this point that Mr. [redacted] was paid to drop out of the case however, our office has been contacted by various individuals who believe that is the case.

On March 2, 2010 the Complainant [redacted] case proceeded to trial in Part 15 in front of Judge P. DiMango. During the trial the defense attempted to discredit the complainant by stating that his only motivation was monetary. They went as far to call a witness, Rabbi Beryl Ashkenazi, who testified that the complaint approached him in an attempt to extort money from the defendant. On March 8, 2010 the jury returned a verdict of eight counts of Criminal Sexual Act 3°. Judge DiMango sentenced the defendant to the maximum incarceration of 10⅔ - 32 years on April 12, 2010.

Off the record Judge DiMango suggested to defense counsel that the defendant could plead to the remaining cases with Complainants [redacted] and Kellner and that she would run the sentences concurrent to the trial sentence.

Defense counsel considered the Court's suggestion but has declined to do so. The defense is well aware of Complainant [redacted] decision not to cooperate with the case. In fact Mr. Lonuzzi has had multiple conversations with defense counsel.

The top count in Complainant Kellner's case is an A Misdemeanor. During the progression of these cases it has been brought to our attention that the complainant's father, Sam Kellner, has made attempts to settle the cases in exchange for money. In May of 2009 Defense counsel informed me and the Court that Mr. Kellner approached the defendant's son on two occasions with such an attempt. Additionally, in January of 2009 Complainant [redacted] told the detective in the case that Mr. Kellner had spoken with him at least two times about settling the case for money. The detective didn't refer these allegations to our office and declined to make an arrest. However, the information was revealed to the Judge and defense counsel during the trial.

The Kellner case will surely be overridden with questions concerning Sam Kellner's attempts to settle the cases for money. The defense may even attempt to call Complainant [redacted] as a witness.

As for the [redacted] case, the complainant continues to be uncooperative even after the conviction. Det. Litwin has had a couple of telephone conversations with [redacted] since the trial. Though they discussed the outcome of the case, [redacted] told Det. Litwin that he still wouldn't testify at a trial. Mr. [redacted] was subpoenaed to appear in court on June 2, 2010 and again he failed to appear.

It is my opinion that both of the remaining cases should be dismissed. Attempting to try either case could impact negatively on the conviction in the [redacted] trial.

The cases are next on July 14, 2010 in Part 15 for trial.