# EXHIBIT 60

**SIDER, ZACHARY**

EXHIBIT
Plaintiff's 229 11/2/22 KK
exhibitsticker.com

| | |
|---|---|
| **From:** | O'DONNELL, KEVIN <ODONNELK@BrooklynDA.org> |
| **Sent:** | Thursday, March 20, 2014 8:52 AM |
| **To:** | FELDMAN, MARK E. |
| **Subject:** | FW: Kellner, Samuel - Transcript of 3-7-2014 Dismissal |
| **Attachments:** | Kellner, Samuel - Transcript of 3-7-2014 Dismissal.pdf |

Attached is the transcript of the March 7, 2014 dismissal in People v. Samuel Kellner.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: CRIMINAL TERM: Part TAP
---------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

-against- Ind. No.

SAMUEL KELLNER, 2538-2011

Defendant. Dismissal

---------------------------------------X

March 7th, 2014
Kings County Supreme Court
320 Jay Street
Brooklyn, New York 11201

B E F O R E:
THE HONORABLE GUY MANGANO,
Justice, Supreme Court

A P P E A R A N C E S:

For the People:

KENNETH THOMPSON
District Attorney, Kings County
By: KEVIN O'DONNELL, COLLEEN BALBERT and YEETA YEGER
Assistant District Attorneys

For the Defendant:

MICHAEL G. DOWD
425 Park Avenue - 26th Floor
New York, New York 10022
By: MICHAEL G. DOWD and NIALL MAC GIOLLABHUI

TANYA MILO
Senior Court Reporter

THE CLERK: Number five, 2538 of 2011, Samuel Kellner.

MR. DOWD: Michael G. Dowd, D-O-W-D and Niall Mac Giollabhui. We represent Samuel Kellner. Good morning, Your Honor.

THE COURT: Good morning, counsel.

MR. MAC GIOLLABHUI: Niall Mac Giollabhui. N-I-A-L-L, M-A-C, G-I-O-L-L-A-B-H-U-I. Good morning.

MR. O'DONNELL: Kevin O'Donnell for the People.

MS. BALBERT: Colleen Balbert, B-A-L-B-E-R-T.

MS. YEGER: Yeeta Yeger, Y-E-E-T-A, Y-E-G-E-R for the Office of the District Attorney.

THE COURT: What's the status?

MR. O'DONNELL: Your Honor, I have an application if I could be heard briefly.

THE COURT: Go ahead.

MR. O'DONNELL: My comments are the basis for my application.

Your Honor, recently the People had made an independent review of the facts and circumstances surrounding this case in order to make a decision about how to proceed with the case. That review has included reviewing the entire case file and interviewing or reinterviewing witnesses.

We have had multiple conversations with defense counsel for this defendant and defense counsel for Baruch Lebowitz. Based on that independent review that has been conducted over the past few weeks the People concluded that the charges against the defendant should be dismissed for the following reasons:

The People's case against the defendant has two main components, one part of the case relates to charges of perjury and criminal solicitation. The other part of the case relates to charges of conspiracy and attempted grand larceny. The perjury and criminal solicitation charges were called into question when the main witness in support of those charges gave wildly inconsistent statements in a pair of interviews that were conducted last summer.

Our recent review has confirmed that this individual is no longer a reliable witness and there is no credible evidence to support the charges that relate to his testimony. The conspiracy and attempted grand larceny portion of the case relies heavily on the testimony of a different witness. After the People reinterviewed that witness last week we have made a determination that he too is not a credible witness.

Yesterday Your Honor a letter was sent to you that the People feel obligated to correct some of the

misrepresentations that were contained in that letter.

In the letter the attorneys for Meyer Lebowitz and Baruch Lebowitz claimed they were denied the courtesy of meeting with the District Attorney and that representatives of Mr. Kellner have met with District Attorney Thompson. Mr. Kellner's representatives did not meet with District Attorney Thompson. I have met with all three of the Lebowitz attorneys and with their client, Meyer Lebowitz, and I find that their client is not credible. The Lebowitz attorneys provided the District Attorney's Office with a recorded conversation between Meyer Lebowitz and Samuel Kellner. They and their client claimed that that recording contained certain statements that prove an extortion plot by Mr. Kellner. The recording which is ambiguous at best does not prove an extortion plot by Mr. Kellner.

Their claim that the People's motion to dismiss this case was part of a campaign deal is absolutely baseless. This case was brought under the prior administration. The current administration has conducted an independent review with attorneys and investigators who were not previously involved in this case. The witnesses have been given a full and fair opportunity to be heard and they are not credible.

I have personally read -- lead this review. I have conducted interviews and I do not find the witnesses against Mr. Kellner to be credible. There are motives of certain witnesses that go beyond this case and moving this Court to review the District Attorney with basic -- excuse me with baseless accusations is an act of desperation.

The two main witnesses against this defendant lack credibility to such a degree that in the People's opinion their testimony can no longer be trusted and accordingly the People have concluded we can not proceed to trial on a case where the evidence of the defendant's guilt has been so compromised to such a degree that the People do not have a provable case.

For those reasons, Your Honor, the People ask that the indictment against Mr. Kellner be dismissed.

THE COURT: Counsel.

MR. DOWD: Yes, Your Honor. Just want to be able to say I have represented Mr. Kellner since the time shortly after he was indicted. Mr. Kellner is a very descent man whose child -- his child was sexually molested by Baruch Lebowitz whose the real client of the People who wrote the letter to Your Honor and that's the Dershowitz brothers and Mr. Aidala. My client's child was molested. He comes from the Satmar

community where up until he came forward it was the practice in that community and if you will the law that such claims of sexual abuse would be settled internally. Often with the abuser, in this case a serial abuser, known for decades Baruch Lebowitz who would only be forced to pay money for the harm they did to children. It was known Mr. Lebowitz -- Mr. Kellner went to the District Attorney's Office. He was advised that what was done to his son was only a misdemeanor and that the Office would need some other witnesses who could testify to felonies. Mr. Kellner diligently went back to this group called the Vatas Dias (ph) in the Satmar community to see if there were other victims of Baruch Lebowitz. Mr. Kellner was told that there were multiple victims of Mr. Lebowitz, that for decades he had been abusing children in this community, buying his way out.

Mr. Kellner was given the names of two children that were sexually molested by Meyer Lebowitz. He worked with a Detective Litvin (ph) and convinced these two people to come forward in a very difficult situation when a child has been abused to step out and step out of their community and the practice and law of that community to speak to the authorities.

They came forward, they spoke, they accused

Baruch Lebowitz of the terrible crimes against them when they were just children. A case -- he was indicted, he was charged. He was tried and sentenced to 30 years. Now, he had -- he then was able to hire a great lawyer, Alan Dershowitz, on a technicality relating to Rosario the conviction was reversed.

However, this is what's important, it was not enough for Baruch Lebowitz to try to free himself, he and his henchmen --

THE COURT: Counsel, counsel please do you have any objection to the motion?

MR. DOWD: Judge I'm not finished, you know --

THE COURT: You're getting deep into the facts, making accusations on the record. It's a simple do you have an opposition to the motion to dismiss?

MR. DOWD: Judge I'm not finished and I'll tell you why. This --

MR. DERSHOWITZ: If he continues I want the opportunity to respond if he's attacking --

THE COURT: Counsel --

COURT OFFICER: Have a seat counsel.

THE COURT: Do you have any objection? You want to make statements to the press you may do that. I'm here now to decide whether or not you have any

opposition to the People's motion to dismiss all charges against your defendant. This is not a place to make statements for the newspapers.

MR. DOWD: I'm making a statement that will tell you why I'm taking a position on the motion.

THE COURT: You don't have to explain why you are not going to oppose the People's motion to dismiss against your client but go ahead counsel, briefly.

MR. DOWD: Judge what I'm saying is it was Baruch Lebowitz who in an attempt to stop his prosecution, in an attempt to stop and chill in the Satmar community, people coming forward to report sexual abuse that the allegations, the false allegations as we now know were made against Samuel Kellner. This is important, Samuel Kellner has been robbed of years of his life and his reputation by virtue of what Baruch Lebowitz has done to him. He's borne the burden of being charged with extortion. He has borne the burden of being seen as one who did not follow the code of silence in the community.

Judge, I am going to tell you that what I'm about to say I hope frees the parents and children of the Satmar community to step forward, to seek justice of those that would abuse their children, their future in times to come and the reason is Samuel Kellner who

stood up and has been a real hero in that community. It seemed that he was going to pay a terrible price unjustly.

THE COURT: Okay counsel I'm going to ask you --

MR. DOWD: This --

THE COURT: -- one more time, do you have opposition to the motion?

MR. DOWD: This motion --

THE COURT: Motion granted without prejudice. That's it counsel.

MR. DOWD: Judge --

THE COURT: I'm -- I have asked you -- you're making statements for the press.

MR. DOWD: Judge --

THE COURT: You want to make a statement make it outside in the hallway.

MR. DOWD: Judge you listened --

THE COURT: You're here for a moment.

MR. DOWD: You listened to Mr. Dershowitz for an hour in the back.

THE COURT: Motion granted without prejudice.

MR. DOWD: Judge would you exonerate bail?

THE COURT: Bail exonerated.

COURT OFFICER: Quiet we're on the record.

MR. DOWD: Will you seal the records?

MR. O'DONNELL: That's my application.

THE COURT: Sealed by operation of law but I'll seal the records.

MR. O'DONNELL: If the People can obtain a copy of the minutes even in light of the Court's sealing of the record.

THE COURT: Records are sealed. One copy to be provided to the Office of the District Attorney and defense counsel if they so wish to have a copy. Bail exonerated, passport to be returned to the defendant.

So the record is clear counsel I had cut him off. I want the record to be clear is there any opposition on behalf of the defendant to the People's motion to dismiss?

MR. MAC GIOLLABHUI: No opposition.

THE COURT: Motion granted.

* * *

CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPTION OF MY STENOGRAPHIC NOTES.

TANYA MILO
SENIOR COURT REPORTER

TM