# EXHIBIT 64

EXH-232
Dec 01 2022





SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS - CRIMINAL TERM - PART 15
---------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

-against-

BARUCH LEBOVITS,

Defendant.
---------------------------------------------X
INDICTMENT NO. 11393/08, 2600/08 TRIAL

320 Jay Street
Brooklyn, New York
March 3, 2010

B E F O R E:

HONORABLE PATRICIA M. DiMANGO
Justice, and jury.

A P P E A R A N C E S:

OFFICE OF CHARLES J. HYNES, ESQ.
DISTRICT ATTORNEY - KINGS COUNTY
350 Jay Street
Brooklyn, New York 11201
BY: MISS GREGORY, ESQ.
Assistant District Attorney
For the People

ARTHUR AIDALA, ESQ.
-and-
ELIZABETH JOHNSON, ESQ.
546 Fifth Avenue
New York, New York
For the Defendant

NATALIE M. TURNER-MOLLOY
Senior Court Reporter

THE CLERK: Case on trial, People versus Lebovits, 11393 of 2008, Baruch Lebovits.

Counsel, state your appearances for the record.

MR. AIDALA: Arthur Aidala, 546 Fifth Avenue, New York, New York.

MS. JOHNSON: Elizabeth M. Johnson, 500 Fifth Avenue.

MS. GREGORY: Miss Gregory for the Office of the District Attorney. Good morning.

THE COURT: Good morning. All right. We have a couple of issues as I indicated at the bench. I had a request from the Post to take some still photography. I have permitted them from the audience unobtrusively without any other people on the stand to take four photographs.

MR. AIDALA: Your Honor, that was over the objection of Mr. Lebovits.

THE COURT: Yes, I understand that was made in deference to everyone's constitutional First Amendment right. I am granting them permission to do so.

Does anyone else want to be heard on the second issue raised at the bench? Mr. Aidala, would you like to place that application on the record?

MR. AIDALA: Yes, your Honor, in light of

yesterday's ruling by the Court in the Molineux -- on the Molineux motion, I just ask that the Court remind and instruct the prosecutor to instruct the complainant to limit his testimony about what he cannot testify to as to prior uncharged crimes. And also, he is aware of -- he may be aware of other complainants in this case, so that he is not to testify about that as well.

THE COURT: Thank you. And we discussed that at the bench and we indicated that.

Ms. Gregory, do you want to put your position on the record?

MS. GREGORY: Yes, your Honor, I do. I spoke with the complainant witness in the case and explained to him the Court's ruling and how that can effect, will effect the questions that will be asked of him and what uncharged crimes he can't go into and he did understand that.

THE COURT: All right. Ms. Gregory to my satisfaction has explained to the complaining witness here the limiting instructions by the Court, and in an attempt to keep in track with that limitation, we've decided at the bench that it might be easiest when we reach that area, that Ms. Gregory ask more pointed or direct questions to the victim so that there would be no deviation from the Court's ruling. Is that everyone's

agreement at that point?

MS. GREGORY: Yes, your Honor.

MR. AIDALA: Yes, your Honor.

THE COURT: If something at that point comes up, you can jump up immediately, no dancing, just jump up, let me know and we will try to cure any problems as soon as possible as to comport with the Court's ruling.

Anything else anybody wants to talk about at this point in time?

MS. GREGORY: Your Honor, the defense listed three potential witnesses yesterday, and I would at this time ask for an offer of proof for those witnesses.

THE COURT: Mr. Aidala, it is your intent or Ms. Johnson's intent to call three witnesses. I am not going to ask at this point in time that you do so unless Ms. Gregory you are requiring that I do so at this point in time for her benefit.

MR. AIDALA: Your Honor, I am not opening about any of those witnesses. The jury is not going to hear about any of those people at this time.

MS. GREGORY: Do you intend on asking the complainant about them?

THE COURT: Mr. Aidala, would you please.

MR. AIDALA: Yes, your Honor. I believe the first name on our list is a Mr. Ashkenzai. Mr.

Ashkenazi is a member of the Borough Park Community. He is somebody who knows the defendant and knows the complainant. And within the last 12 to 14 months he's had a conversation with the complainant whereby the complainant in sum and substance admitted to him that he was going to try to make money by accusing Mr. Lebovits of these crimes.

THE COURT: Ms. Gregory, do you want to be heard on that?

MS. GREGORY: No, your Honor, I don't.

MR. AIDALA: There is a Rabbi Friedman, your Honor, and if the appropriate -- if the opportunity presented itself and the Court allowed us to put on a character witness regarding Mr. Lebovits' reputation in the community, that's what Mr. Friedman would be testifying to.

THE COURT: What would be the character issue you would be presenting this testimony for.

MR. AIDALA: Someone who in the community is involved in the religious aspects of the community, is with children or young adults on a somewhat regular basis and his reputation of being an upstanding family man, heterosexual man.

THE COURT: I don't think so.

MR. AIDALA: Okay. I said I wasn't going to

open on it, Judge.

THE COURT: At this point in time my feeling about that is that that character evidence would not be relevant at that particular time.

MR. AIDALA: Obviously, your Honor, that depends on what the complainant is going to say. If he stood up and said everyone knows what Mr. Lebovits does to young men in the community, then it might be relevant.

THE COURT: I'll consider it. And your third witness?

MR. AIDALA: Can I have one moment, your Honor. Your Honor, may Ms. Johnson address that one particular witness.

MS. JOHNSON: I believe Mr. Rosenberg would be relevant to the extent that the People want to offer, and again this is provisional, we aren't by any means calling them to the extent that they do want to offer that expert testimony about the way the Hasidic community deals with sexual abuse. Mr. Rosenberg has been very active in changing those mores, and it would be relevant to that, in fact, the community is non-monolithic in the way that it deals with sexual abuse and sexual abuse that people can be supported when it comes forward on those issues.