# EXHIBIT 65

EXHIBIT
Plaintiff's 199A 6/29/22 KK
exhibitsticker.com

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS : CRIMINAL TERM : PART 15

- - - - - - - - - - - - - - - - - - - -X

THE PEOPLE OF THE STATE OF NEW YORK : INDICTMENT NO. 11393-2008

- against - :

BARUCH LEBOVITS :

DEFENDANT : CONFERENCE IN CHAMBERS

- - - - - - - - - - - - - - - - - - - -X

320 JAY STREET
BROOKLYN, NEW YORK 11201

OCTOBER 3, 2011

BEFORE: HONORABLE PATRICIA M. DIMANGO, JUSTICE

APPEARANCES:

CHARLES J. HYNES, ESQ.
District Attorney, Kings County
BY: ANTHEA BRUFFEE, ESQ.
BY: MISS GREGORY, ESQ.
Assistant District Attorneys

ARTHUR L. AIDALA, ESQ.
Attorney for Defendant
546 Fifth Avenue
New York, New York 10036

DERSHOWITZ, EIGER & ADELSON, P.C.
Attorneys for Defendant
220 Fifth Avenue
New York, New York 10001
BY: NATHAN DERSHOWITZ, ESQ.
- AND -
BY: ALAN M. DERSHOWITZ, ESQ.

GEORGE DAVID DAVILA
SENIOR COURT REPORTER

to Mr. Lebovits' sons asking them, "Do you want to come in and tell me what Mr. Kellner did", when I was told that we were going to play it out and see what we are going to do.

MR. NATHAN DERSHOWITZ: You didn't need that. You had a statement written down in Litwin's file that says Kellner said, "We will give you $250,000" --

MS. GREGORY: I didn't have that paper.

MR. NATHAN DERSHOWITZ: He had it. He is part of your office.

MS. GREGORY: He is not part of my office.

MR. NATHAN DERSHOWITZ: Yes, he is.

MS. GREGORY: He works for the police department.

MR. NATHAN DERSHOWITZ: No, he works for the DA's office.

MS. GREGORY: Steve Litwin?

MR. NATHAN DERSHOWITZ: Isn't he assigned to the DA's office?

MS. GREGORY: No.

MR. AIDALA: No, he is NYPD, but he is still under their control.

Your Honor, let me just clarify one thing and just throw this out there. Let's say Ms. Gregory is 100 percent accurate, everything she is saying is 100 percent accurate, and that after the trial, after the sentencing -- we are not pursuing this. In a panic stricken way, this

comes and drops in our lap. They are extorting us. They are saying, "You see, we warned you with your father and you didn't pay us for your father. So now we are warning you with your brother. And, Chiam, you millionaire, if you don't give us the money for your brother, what we did to your father we are going to do to your brother."

Your Honor, the first people we go to is the FBI. They move on a different speed. At that point, I mean, we had to make a decision. It is very odd. And I compliment Joe Hynes and his office tremendously because they easily could have closed the door on our faces and they didn't. They sat. They listened. They evaluated. They put their top people on it and they may a decision like everybody else does in any domestic violence, "Do you believe him or do you believe her? Do you believe her or do you believe him?" And they came to the conclusion that they believed this guy, Taub.

I didn't have that name, Taub, before any of this. I never had Taub. I had Kellner, Kellner, Kellner. This was Taub. The only thing we knew about was a wealthy man that was written on a piece of paper. I didn't know anything about a guy named Taub. All of a sudden Malcolm Taub comes up. Everything unfolds. Your Honor, he said something before, "We are trying to confuse you." We didn't look for this. I mean, this came in --

THE COURT: No, not you guys.

MR. AIDALA: This came in a panic phone call to us, "Artie, you have to help us. They are going to arrest my brother. They are going to make up charges against my brother the way that they did to my father. Help, help, help." I called the greatest lawyer maybe in the nation. He calls the FBI. They don't help him very much, quite frankly. What else do we do? Obviously, it's no secret that I have a relatively amicable relationship with the District Attorney's office. I called people there who I knew would at least listen to me. They listened, but they took action. It's a brand new set of facts. This is a new person asking a new person for money on another thing.

THE COURT: That's their point. That's their point. Their point is that it is totally irrelevant because even if it is not newly discovered, it does not go into your case. That's the whole point.

MR. AIDALA: If there were tapes where Taub says, "I controlled Kellner who controlled [redacted] and that's why your father is in jail", that's irrelevant?

THE COURT: Listen, how do you get that in? How is that admissible?

MR. NATHAN DERSHOWITZ: First of all, Kellner is a witness. He takes the fifth. We have an inference.

MR. ALAN DERSHOWITZ: We cross-examine [redacted]