THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**BRIAN FRANCOLLA**
*Senior Counsel*
Tel.: (212) 356-3527
Fax: (212) 356-1148
bfrancol@law.nyc.gov

September 10, 2025

**BY ECF**
Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Kellner v. City of New York, et al., 17-CV-01268 (NRM) (MMH)

Your Honor:

I am one of the attorneys assigned to the defense of the above-referenced matter on behalf of the defendants City of New York and the Estate of Charles J. Hynes. In that capacity, I write jointly with plaintiff's counsel to: (1) clarify the manner in which the Court obtained the unredacted exhibits to date in advance of the parties' oral argument scheduled for October 9, 2025, at 10:30 a.m.; and (2) advise the Court that three redacted exhibits will be filed under seal today that, upon information and belief, were not included in the materials the Court acknowledged receipt of yesterday. Separately, I write to advise the Court of a scheduling issue that has arisen with respect to the parties' upcoming oral argument as well as to propose a potential solution to same.

Regarding the manner in which the Court obtained the unredacted exhibits yesterday, and by way of brief background, in the parties' joint letter dated August 15, 2025, we advised the Court that all but two of the original unredacted documents that were filed as redacted exhibits as part of the summary judgment briefing were in the possession of the Brooklyn District Attorney's Office ("BDAO"). To that end, in the August 15, 2025 letter we simply conveyed the request from BDAO counsel to the Court that they be given until September 8, 2025, to produce the unredacted versions of the exhibits in question. I then conferred with BDAO counsel – Assistant District Attorney Zachary Sider specifically – on September 4, 2025, and September 8, 2025, respectively, in order to determine how best to provide the unredacted exhibits to the Court since neither myself nor plaintiff's counsel had access to them. In response, ADA Sider indicated to me that the simplest way to provide these materials to the Court would be for him to do so directly since proceeding in this fashion would be far more efficient logistically as well allow BDAO to maintain any redactions to the materials in question premised on privilege. When I spoke to ADA Sider on Monday, he confirmed that the unredacted materials had in fact been sent to the Court and

yesterday, the Court acknowledged receipt of same. Neither myself nor plaintiff's counsel have been provided the documents in question nor were we copied on the transmission of same. The parties mention that not to suggest we necessarily should have been, but simply to explain why we both were and remain unable to separately file any of them under seal on the docket. Additionally, the parties wish to advise the Court that we will not have access to the unredacted materials during the upcoming oral argument. While that should not create an issue with respect to names of victims that have been redacted therein, if, for example, the Court were to reference something that was originally redacted on privilege grounds, the parties would not be aware of that information. Although this is unlikely to create an issue for purposes of resolving the current motion, we simply wish to advise the Court of this potential scenario in an abundance of caution.

Regarding the complete universe of unredacted exhibits that have been provided to the Court to date, it does appear that three originally redacted exhibits were not included within the materials sent to the Court by ADA Sider – Plaintiff's Exhibit 41, Plaintiff's Exhibit 42 and Defendants' Exhibit Z, respectively. This was an oversight on my part not realizing that these exhibits did not make the final list of materials the parties had sent to BDAO counsel for purposes of retrieving unredacted versions. All three of these exhibits will be filed under seal today. Regarding Defendants' Exhibit Z, I applied redactions to the first two pages of same which have been removed in the document that will be filed under seal. The attachments, however, contain handwritten redactions previously made by BDAO counsel during the underlying criminal prosecution. As to these handwritten redactions, the parties have been informed by BDAO counsel that they cannot locate the original, unredacted version of those documents.

Last, the undersigned has an initial conference scheduled to take place in the matter of Goldstein v. Newman, et al., 25 CV 4118 (DEH), on October 9, 2025, at 11:00 a.m., before the Honorable Dale E. Ho. This conference had originally been scheduled to take place on September 4, 2025, but had to be and was rescheduled for October 9 on the same date the oral argument in this matter was scheduled. The initial conference in Goldstein is scheduled to take place telephonically. As a result, the undersigned respectfully proposes that rather than seek to reschedule either hearing, I be permitted to excuse myself briefly from the proceedings in this matter to appear telephonically in Goldstein. I do not expect that matter to last particularly long such that, if the Court is amenable to this proposal, my absence should only result in a brief break in our proceedings. Further, should the Court not wish to take a break in our proceedings, or take it later therein, the parties can both appear earlier or later on the same date at the Court's convenience. Plaintiff's counsel consents to adjusting the proceedings accordingly in order to allow me to appear telephonically in Goldstein. The parties prefer this approach to trying to reschedule the oral argument for another day since any adjournment of same along those lines would likely result in the oral argument getting pushed back until November.[1]

[1] Speaking only of my availability, I will be out of the country during the week of September 29, 2025, and I begin a police-involved shooting trial in the matter of Benbow v. Officer Brian W. Feeley, et al., 17 CV 6457 (EK) (JRC), on October 20, 2025, before the Honorable Eric R. Komitee that is scheduled to last up to two weeks.

Defendants thank the Court for its time and attention to these matters.

Respectfully submitted,

/s/

Brian Francolla
*Senior Counsel*
Special Federal Litigation Division

cc: BY ECF
*All Counsel of Record*